# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SEAFARERS PENSION PLAN, derivatively on behalf of THE BOEING COMPANY, | ) ) ) ) | DOCKET NO.  1:19-cv-08095 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| ROBERT A. BRADWAY, *et al.*, | ) ) | |
| Defendants, | ) ) ) | |
| and | ) | |
| THE BOEING COMPANY, | ) ) | |
| Nominal Defendant. | ) ) | |

**STIPULATION AND AGREEMENT OF
COMPROMISE, SETTLEMENT, AND RELEASE**

**STIPULATION AND AGREEMENT OF**
**COMPROMISE, SETTLEMENT, AND RELEASE**

This Stipulation and Agreement of Compromise, Settlement, and Release (the "Stipulation") is made and entered into in the stockholder derivative action (*Seafarers Pension Plan v. Bradway, et al.*, Case No. 1:19-cv-08095 (the "Federal Action") and in the putative stockholder class action (*Seafarers Pension Plan v. Bradway, et al.*, C.A. No. 2020-0556-MTZ (the "Delaware Action") (collectively, the "Actions") by and among: (i) Seafarers Pension Plan, Plaintiff in both Actions; (ii) individual Defendants in the Federal Action: Robert A. Bradway, David L. Calhoun, Arthur D. Collins Jr., Edmund P. Giambastiani Jr., Lynn J. Good, Lawrence W. Kellner, Caroline B. Kennedy, Edward M. Liddy, Dennis A. Muilenburg, Susan C. Schwab, Randall L. Stephenson, Ronald A. Williams, and Mike S. Zafirovski (hereinafter, "Federal Individual Defendants"); (iii) individual Defendants in the Delaware Action: Robert A. Bradway, David L. Calhoun, Arthur D. Collins Jr., Edmund P. Giambastiani Jr., Lynn J. Good, Akhil Johri, Lawrence W. Kellner, Caroline B. Kennedy, Steven M. Mollenkopf, John M. Richardson, Susan C. Schwab, and Ronald A. Williams (hereinafter, "Delaware Individual Defendants"); and (iv) The Boeing Company ("Boeing"), as Nominal Defendant in the Federal Action and a named Defendant in the Delaware Action, (collectively, the "Parties"), by and through their respective undersigned counsel.

This Stipulation is being filed in both Actions and is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims[1] against the Released Parties and dismiss with prejudice the Actions, subject to the terms and conditions hereof and subject to the respective

---

[1] All capitalized terms herein shall have the meaning stated in Section II ("Definitions") below, or as otherwise defined in this Stipulation.

approvals of the U.S. District Court for the Northern District of Illinois, Eastern Division (the "Federal Court") and the Court of Chancery of the State of Delaware (the "Delaware Court").[2]

I.    **RECITALS**

   A.    ***Boeing's 2017 to 2019 Proxy Statements***

   WHEREAS, on March 17, 2017, in connection with its 2017 Annual Meeting of Shareholders, Boeing's Board of Directors issued an annual proxy statement to its stockholders (the "2017 Proxy Statement") soliciting proxies for, among other things, votes to elect directors to one-year terms, and an advisory vote on named executive officer compensation;

   WHEREAS, on March 26, 2018, in connection with its 2018 Annual Meeting of Shareholders, Boeing's Board of Directors issued an annual proxy statement to its stockholders (the "2018 Proxy Statement") soliciting proxies for, among other things, votes to elect directors to one-year terms, as well as advisory votes on named executive officer compensation and a shareholder proposal to require that the Chair of Boeing's Board of Directors be an independent member of the Board;

   WHEREAS, on March 15, 2019, in connection with its 2019 Annual Meeting of Shareholders, Boeing's Board of Directors issued an annual proxy statement to its stockholders (the "2019 Proxy Statement") soliciting proxies for, among other things, votes to elect directors to one-year terms, as well as advisory votes on named executive officer compensation and a shareholder proposal to require that the Chair of the Boeing Board of Directors be an independent member of the Board;

---

[2] The versions of this Stipulation filed in the Federal Court and the Delaware Court are identical, other than: (i) the signatories to the filing in each court are limited to the parties in each action; and (ii) the specific formatting requirements required by each court for filings.

### B. *The Boeing 737 MAX Accidents in 2018 and 2019*

WHEREAS, on October 29, 2018, a Boeing 737 MAX aircraft, Lion Air Flight 610, crashed off the coast of Indonesia (the "Lion Air Accident");

WHEREAS, on March 10, 2019, a Boeing 737 MAX aircraft, Ethiopian Airlines Flight 302, crashed in Ethiopia (the "Ethiopian Airlines Accident," together with the Lion Air Accident, the "Accidents");

WHEREAS, on March 13, 2019, the Federal Aviation Administration ("FAA") grounded Boeing's global fleet of 737 MAX aircraft, as had other international regulating authorities (the "Grounding");

WHEREAS, on April 15, 2019, Seafarers Pension Plan made a demand under 8 *Del. C.* § 220 ("Section 220") to Boeing, and then made a subsequent demand to Boeing pursuant to Section 220 on May 16, 2019, related to the Accidents and the Grounding (collectively, the "Demand");

WHEREAS, Boeing and Seafarers Pension Plan then engaged in multiple written communications and related meet and confers concerning the Demand, and Boeing produced more than 13,400 pages of documents in response to the Demand from July 2019 through May 2020;

### C. *Federal Court Proceedings*

WHEREAS, on December 11, 2019, Seafarers Pension Plan filed a stockholder derivative action in the Federal Court, *Seafarers Pension Plan* v. *Bradway, et al.*, No. 1:19-cv-08095, against current and former directors and officers of Boeing, Robert A. Bradway, David L. Calhoun, Arthur D. Collins Jr., Linda Z. Cook, Kenneth M. Duberstein, Edmund P. Giambastiani Jr., Lynn J. Good, Lawrence W. Kellner, Caroline B. Kennedy, Edward M. Liddy, W. James McNerney, Jr., Dennis A. Muilenburg, Susan C. Schwab, Randall L. Stephenson, Ronald A.

Williams, Mike S. Zafirovski, Kevin McAllister, Raymond L. Connor, Greg Smith, J. Michael Luttig, Greg Hyslop, Diana Sands, Scott Fancher, and John Tracy (collectively, the "Named Federal Defendants") and Boeing as nominal defendant, alleging derivatively on behalf of Boeing violations of Section 14(a) of the Securities and Exchange Act of 1934 arising from the 2017, 2018, and 2019 Proxy Statements (Count I), as well as breach of fiduciary duty and other Delaware state law claims (Counts II-IV);

WHEREAS, Count I of the complaint filed by Seafarers Pension Plan (the "Federal Complaint") alleges, among other things, that statements in Boeing's 2017 Proxy Statement, 2018 Proxy Statement, and 2019 Proxy Statements related to Boeing's "recommendation[s] to re-elect . . . directors, approve certain executive compensation, and vote against stockholder proposals to adopt a policy to require an independent Chairman" omitted material information about, among other things, Boeing's 2015 settlement with the FAA;

WHEREAS, the Federal Complaint also alleges that Boeing's 2019 Proxy Statement omitted certain material information concerning the Accidents, the Grounding, and regulatory and safety matters;

WHEREAS, on February 13, 2020, the Federal Defendants filed a motion to dismiss for *forum non conveniens* asserting that the forum selection by-law at Article VII, Section 4 of Boeing's by-laws (the "Forum Selection By-law") precluded Plaintiff from asserting its action derivatively in the Federal Court;

WHEREAS, the same day, on February 13, 2020, the Federal Parties filed a joint motion to dismiss Plaintiff's state law claims (Counts II-IV of the Federal Complaint) without prejudice and asked the Federal Court to set a schedule for briefing the Federal Defendants' motion to dismiss the remaining claim in the Federal Complaint (Count I) for *forum non conveniens*;

WHEREAS, on February 18, 2020, the Federal Court granted the Federal Parties' joint motion to dismiss Counts II-IV of the Federal Complaint and, as a result, named defendants Linda Cook, W. James McNerney, Jr. Kevin McAllister, Raymond Conner, Greg Smith, J. Michael Luttig, Greg Hyslop, Diana Sands, John Tracy, and Scott Fancher were all dismissed from the Federal Action;

WHEREAS, on February 18, 2020, the Federal Court also granted the Federal Parties' request to extend Defendants' time for filing a motion to dismiss under Rule 12(b) and Rule 23.1 to 30 days after the Court resolved the motion to dismiss for *forum non conveniens*;

WHEREAS, following briefing on the motion to dismiss, by order dated June 8, 2020, the Federal Court granted the Federal Defendants' motion to dismiss the Federal Complaint for *forum non conveniens* on the basis that, as applied to Plaintiff's claims, Boeing's Forum Selection By-law required Plaintiff to file its derivative claim in Delaware state court;

WHEREAS, on July 9, 2020, Plaintiff filed a notice of appeal of the order granting the Federal Defendants' motion to dismiss for *forum non conveniens* to the U.S. Court of Appeals for the Seventh Circuit, *Seafarers Pension Plan* v. *Bradway*, No. 20-2244;

WHEREAS, on January 7, 2022, following briefing and oral argument, a three-judge panel of the Court of Appeals issued a decision, with one judge dissenting, holding that the Forum Selection By-law was not enforceable as applied to Plaintiff's claims and reversing the order and judgment of the Federal Court, and remanding the case to the Federal Court for further proceedings consistent with its opinion (*see Seafarers Pension Plan* v. *Bradway*, 23 F.4th 714 (7th Cir. 2022) (mandate issued January 31, 2022));

### D.     *Boeing's 2020 Proxy Statement*

WHEREAS, on March 13, 2020, Boeing filed with the SEC its proxy statement in connection with its upcoming April 27, 2020 Annual Meeting of Shareholders (the "2020 Proxy Statement");

WHEREAS, the first section of the 2020 Proxy Statement was titled "The Boeing Board: Learning and Taking Action and included sub-sections titled: (i) "Listening to Your Feedback"; (ii) "Strengthening Safety"; (iii) "Holding Leaders Accountable"; (iv) "Making Senior Leadership Changes"; (v) "Rebuilding Stakeholder Trust"; (vi) "Living Our Values"; and (vii) "Our Path Forward."  This section made disclosures describing, among other things, (1) the Accidents involving Lion Air Flight 610 and Ethiopian Airlines Flight 302 and the steps taken by Boeing's Board of Directors following the Accidents to strengthen and affirm Boeing's commitment to safety and Boeing's outreach to the families of those impacted by the 737 MAX Accidents, (2) Boeing's work with the FAA and other regulators to return the 737 MAX to service, (3) changes to executive compensation that occurred "[s]ince the grounding of the 737 MAX" fleet, and (4) Boeing's recognition of liabilities "related to customer concessions and other considerations";

WHEREAS, Seafarers Pension Plan's goals in the filing of the Federal Action and the relief sought in its Federal Complaint were consistent with the disclosures contained in the 2020 Proxy Statement;

### E.     *Delaware Court Proceedings*

WHEREAS, on July 8, 2020, approximately one month after the Federal Court dismissed the Federal Action and while Plaintiff Seafarers Pension Plan's appeal of the Federal Action was pending before the U.S. Court of Appeals for the Seventh Circuit, Plaintiff Seafarers

Pension Plan filed a complaint (the "Delaware Complaint") seeking to assert claims on behalf of a class of Boeing stockholders against Boeing and certain current and former directors and officers of Boeing in the Delaware Court, *Seafarers Pension Plan* v. *Bradway, et al.*, C.A. No. 2020-0556-MTZ (the "Delaware Action");

WHEREAS, the Delaware Complaint sought a declaratory judgment that Boeing's Forum Selection By-law violated Delaware General Corporation Law Sections 115 and 109(b) (Counts I and II) and alleged that the Delaware Individual Defendants breached their fiduciary duties by "maintaining and invoking" the Forum Selection By-law, "failing to correct and/or rescind" the Forum Selection By-law after the passage of Section 115, and "affirmatively asserting" the Forum Selection By-law, including against Plaintiff in the Federal Action (Count III);

WHEREAS, on August 28, 2020, the Delaware Defendants filed a motion to dismiss the Delaware Complaint;

WHEREAS, on January 13, 2021, following briefing of the Delaware Defendants' motion to dismiss, the Delaware Court held a hearing on the motion, and stated on the record that in the "interests of litigative efficiency, judicial economy, and comity," the Court was staying the Delaware Action "indefinitely" pending the "final resolution of the federal court's views on the bylaw's validity, including on any remand";

**F.    *Mediation and Settlement***

WHEREAS, on November 1, 2021, counsel for the Parties began settlement discussions, and, after failing to reach agreement on resolution of the claims, determined in December 2021 to retain an independent mediator;

WHEREAS, on March 1, 2022, counsel for the Parties, internal counsel for Boeing, and counsel for certain directors and officers liability insurers (the "Insurers"), participated in a day-long mediation session by videoconference with Greg Danilow, Esq., an experienced mediator with Phillips ADR and with four decades of experience in complex commercial disputes, including previously working with retired Judge Layn Phillips to assist in mediating the resolution of a separate derivative action related to the Accidents involving state law fiduciary duty claims, *In re The Boeing Company Derivative Litig.*, C.A. No. 2019-0907-MTZ (Del. Ch.);

WHEREAS, following the day-long mediation, the Parties, with the assistance of Mr. Danilow, continued to engage in settlement negotiations, including by telephone and videoconference over the course of the next seven weeks;

WHEREAS, on April 18, 2022, the Parties reached an agreement in principle to settle both of the Actions;

WHEREAS, in this Stipulation, the Parties settle, compromise, resolve, release, discharge, and dismiss with prejudice all Released Federal Plaintiff Claims and Released Delaware Plaintiff Claims against the Released Defendant Parties on the terms set forth in this Stipulation, subject to approval by the Federal Court and Delaware Court, respectively;

WHEREAS, the Stipulation was jointly negotiated by the Parties, and the Parties intend for the effectiveness of the Federal and Delaware Settlements contemplated herein to be dependent upon both Settlements receiving approval by the Federal Court and Delaware Court, and both of those approvals becoming Final;

WHEREAS, to avoid any potential confusion of stockholders, to prevent unnecessary duplication, and for judicial and party efficiency, the Parties have agreed, subject to the approval of the Federal Court and the Delaware Court, to use the same form and procedure of

notice in both Actions and that Plaintiff's application for an award of attorneys' fees and expenses shall be filed solely in the Federal Action;

WHEREAS, in connection with settlement discussions and negotiations leading to the proposed Settlements set forth in this Stipulation, the Parties did not discuss the appropriateness or amount of any application by Plaintiff for an award of attorneys' fees and expenses;

WHEREAS, the Stipulation (together with the exhibits attached hereto), which has been duly executed by the signatories on behalf of their respective clients, reflects the final and binding agreement by and among the Parties and supersedes any prior writing or communication;

WHEREAS, Plaintiff brought its claims in good faith and continues to believe that its claims have merit but, based upon Plaintiff's and Plaintiff's counsel's investigation, has concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Boeing and its stockholders;

WHEREAS, Plaintiff has agreed to settle, compromise, and release the claims asserted in the Actions pursuant to this Stipulation, after considering: (a) the substantial monetary and non-monetary benefits provided by the Settlements; (b) the uncertain outcome, inherent delays, and significant risks of continued litigation; (c) the desirability of avoiding further costly and time consuming litigation; and (d) the structure of the proposed Settlements, which permits them to be consummated as provided by the terms of this Stipulation;

WHEREAS, Defendants have denied, and continue to deny, that they committed, or aided and abetted in the commission of, any violation of law or duty or engaged in any wrongful acts whatsoever, including those alleged in the Actions, and expressly maintain that they have complied with their statutory, fiduciary, and other legal duties, and that at all relevant times

Defendants acted in good faith and in a manner they reasonably believed to be in the best interests of Boeing and its stockholders;

WHEREAS, Defendants are entering into this Stipulation and the Settlements to eliminate the burden, expense, and uncertainties inherent in further litigation;

NOW THEREFORE, IT IS STIPULATED AND AGREED, by and among the Parties, by and through their respective undersigned counsel, in consideration of the benefits flowing from the Settlements that all Released Claims shall be and hereby are fully and finally settled, compromised, and released, and that the claims against Defendants in the Actions shall be dismissed with prejudice, upon and subject to the terms and conditions of this Stipulation, as follows:

## II.    DEFINITIONS

1.      "2017 Proxy Statement" means the annual proxy statement Boeing issued to its stockholders on March 17, 2017.

2.      "2018 Proxy Statement" means the annual proxy statement Boeing issued to its stockholders on March 26, 2018.

3.      "2019 Proxy Statement" means the annual proxy statement Boeing issued to its stockholders on March 15, 2019.

4.      "2020 Proxy Statement" means the annual proxy statement Boeing issued to its stockholders on March 13, 2020.

5.      "Actions" means the Federal Action and the Delaware Action.

6.      "Boeing" means The Boeing Company.

7.      "*Boeing ERISA* Action" means *Burke* v. *The Boeing Co., et al.*, No. 1:19-cv-02203 (N.D. Ill.), including any appeals thereof.

8. "*Boeing Securities* Action" means *In re The Boeing Company Aircraft Securities Litigation*, No. 19 Civ. 2394 (N.D. Ill.), including any appeals thereof.

9. "Business Day" means any day that is not a Saturday, a Sunday, or other day on which either the Federal Court or the Delaware Court is closed.

10. "Defendants" means the Federal Defendants and the Delaware Defendants.

11. "Delaware Action" means the proceeding in the Delaware Court styled as *Seafarers Pension Plan* v. *Bradway, et al.*, No. 2020-0556-MTZ.

12. "Delaware Complaint" means the complaint filed by Plaintiff in the Delaware Action.

13. "Delaware Court" means the Court of Chancery of the State of Delaware.

14. "Delaware Defendants" means Boeing and the Delaware Individual Defendants.

15. "Delaware Individual Defendants" means Robert A. Bradway, David L. Calhoun, Arthur D. Collins Jr., Edmund P. Giambastiani Jr., Lynn J. Good, Akhil Johri, Lawrence W. Kellner, Caroline B. Kennedy, Steven M. Mollenkopf, John M. Richardson, Susan C. Schwab, and Ronald A. Williams.

16. "Delaware Order and Final Judgment" means an order entered by the Delaware Court substantially in the form attached as Exhibit D (i) certifying the Delaware Settlement Class for settlement purposes only; and (ii) dismissing the Delaware Action with prejudice on the merits and without costs to any party (except as provided in Section X below).

17. "Delaware Parties" means the parties to the Delaware Action, comprising Plaintiff and the Delaware Defendants.

18. "Delaware Settlement" means the settlement and resolution of the Delaware Action pursuant to the terms set forth in this Stipulation.

19.     "Delaware Settlement Class" means all Persons who held Boeing stock at any time between December 11, 2019 and the date of this Stipulation.

20.     "Delaware Settlement Hearing" means the hearing to be held by the Delaware Court under Delaware Court of Chancery Rule 23 to consider, among other things, final approval of the Delaware Settlement and certification of the Delaware Settlement Class for purposes of settlement.

21.     "Effective Date" means the first Business Day following the date by which all of the events and conditions specified in Paragraph 79 of the Stipulation have been met and occurred or have been expressly waived in writing.

22.     "Federal Action" means the above-captioned stockholder derivative action.

23.     "Federal Complaint" means the complaint filed by Plaintiff in the Federal Action.

24.     "Federal Court" means the United States District Court for the Northern District of Illinois.

25.     "Federal Defendants" means the Federal Individual Defendants and Nominal Defendant Boeing.

26.     "Federal Individual Defendants" means Robert A. Bradway, David L. Calhoun, Arthur D. Collins Jr., Edmund P. Giambastiani Jr., Lynn J. Good, Lawrence W. Kellner, Caroline B. Kennedy, Edward M. Liddy, Dennis A. Muilenburg, Susan C. Schwab, Randall L. Stephenson, Ronald A. Williams, and Mike S. Zafirovski.

27.     "Federal Order and Final Judgment" means an order entered by the Federal Court, substantially in the form attached as Exhibit E, finally approving the Federal Settlement and dismissing the Federal Action with prejudice on the merits and without costs to any party (except as provided in Sections III and X below).

28.     "Federal Parties" means the parties to the Federal Action, comprising Plaintiff, the Federal Individual Defendants, Kenneth M. Duberstein, and Boeing, as the nominal Defendant.

29.     "Federal Settlement" means the settlement and resolution of the Federal Action pursuant to the terms set forth in this Stipulation.

30.     "Federal Settlement Hearing" means the hearing to be held by the Federal Court under Federal Rule of Civil Procedure 23.1 to consider, among other things, final approval of the Federal Settlement and the Fee and Expense Application.

31.     "Fee and Expense Application" means Plaintiff's petition for a Fee and Expense Award and a Service Award in the Federal Court, as set forth in Section X.

32.     "Fee and Expense Award" means the amount that the Federal Court awards Plaintiff's Counsel for attorneys' fees and reimbursement of expenses and costs.

33.     "Fee and Expense Order" means an order entered by the Federal Court, substantially in the form attached as Exhibit F, adjudicating the Fee and Expense Application.

34.     "Final" means, with respect to any order or judgment of a court, including, of the Federal Court or the Delaware Court, that it represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. Without limitation:

> (a)     an order of the Federal Court becomes "Final" when the last of the following has occurred: (i) the Federal Order and Final Judgment has been entered and the expiration of the time to file a motion to alter, amend, or reconsider the Federal Order and Final Judgment has passed without any such motion having been filed; (ii) the expiration under the Federal Rules of Appellate Procedure of the time in which to appeal the Federal Order and Final

Judgment has passed without any such appeal having been filed; and (iii) if a motion to alter, amend, or reconsider is filed or if an appeal is filed, immediately after the determination of that motion or appeal so that the Federal Order and Final Judgment is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of appeal, or otherwise, and in such a manner as to permit the consummation of the Federal Settlement substantially in accordance with the terms and conditions of this Stipulation.

(b)     an order of the Delaware Court becomes "Final" when the last of the following has occurred: (i) the Delaware Court has entered an order and judgment approving the Stipulation, and the expiration of the time to file a motion to alter, amend, or reconsider that order and judgment has passed without any such motion having been filed; (ii) the expiration under the Rules of the Supreme Court of the State of Delaware of the time in which to appeal the order and judgment has passed without any appeal having been taken; and (iii) if a motion to alter, amend, or reconsider is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that the order and judgment is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise, and in such a manner as to permit the consummation of the Delaware Settlement in accordance with the terms and conditions of the Stipulation.

35. "Forum Selection By-law" means the forum selection by-law at Article VII, Section 4 of Boeing's by-laws.

36. "Insurers" means Boeing's directors and officers liability insurers.

37. "Monetary Settlement Amount" means a monetary payment of $6.25 million to be paid by the Insurers to Boeing as part of the consideration in connection with the Federal Settlement.

38. "Named Federal Defendants" means the Federal Defendants, as well as Raymond Conner, Linda Cook, Kenneth M. Duberstein, Scott Fancher, Greg Hyslop, J. Michael Luttig, Kevin McAllister, W. James McNerney, Jr., Diana Sands, Greg Smith, and John Tracy.

39. "Notice" means the Notice of Pendency of Derivative and Class Actions, Proposed Settlements of the Actions, and Settlement Hearings, substantially in the form attached hereto as Exhibit G.

40. "Notice Costs" means the costs of distributing the notices described in Paragraphs 66-68.

41. "Parties" means the parties to this Stipulation, which comprise Plaintiff and Defendants.

42. "Person" means any individual, corporation, professional corporation, limited liability company, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any other business or legal entity, and their spouses, heirs, predecessors, successors, representatives, or assignees.

43. "Plaintiff" means Seafarers Pension Plan.

44. "Plaintiff's Counsel" means counsel for Plaintiff in both Actions, Cohen Milstein Sellers & Toll PLLC. Offit Kurman, P.A. served as additional counsel for Plaintiff in the Delaware Action.

45. "Preliminary Approval Order" means an order entered by the Federal Court, substantially in the form attached hereto as Exhibit C.

46. "Released Claims" means Released Delaware Plaintiff Claims, Released Federal Plaintiff Claims, and Released Defendant Claims.

47. "Released Defendant Claims" means any and all claims arising out of or relating to the initiation, prosecution, or resolution of the Actions, excepting any claim to enforce this Stipulation, the Delaware Settlement, or the Federal Settlement.

48. "Released Defendant Parties" means, whether or not each or all of the following Persons were named, served with process, or appeared in the Actions: (a) Delaware Defendants; (b) Named Federal Defendants; (c) any Person that is or was related to or affiliated or associated with any or all of Delaware Defendants or Named Federal Defendants or in which any or all of them has or had a controlling interest; and (d) with respect to Persons described in (a)-(c), each of their respective past or present family members, spouses, heirs, trusts, trustees, executors, estates, foundations, administrators, beneficiaries, distributees, agents, employees, fiduciaries, partners, control persons, partnerships, general or limited partners, joint ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, shareholders, stockholders, principals, officers, managers, directors, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, transferees, assigns, financial or investment advisors, advisors, consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers, dealers, financing sources, lenders, commercial bankers,

attorneys, legal advisors, personal or legal representatives, accountants, tax advisors, technical advisors, insurers, co-insurers, reinsurers, and associates.

49.    "Released Delaware Plaintiff Claims" means

(a)    any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, counterclaims, offsets, issues and controversies of any kind, nature, or description whatsoever;

(b)    whether known or unknown, accrued or unaccrued, disclosed or undisclosed, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent;

(c)    that the Released Plaintiff Parties or any other member of the Delaware Settlement Class asserted, could have asserted or could hereafter assert in any direct or class capacity in the Delaware Action or any other action against any of the Released Defendant Parties, whether based on state, local, federal, statutory, regulatory, common, or other law or rule;

(d)    in any court, tribunal, other adjudicatory body, forum, suit, action, or proceeding; and

(e)    which now or hereafter, are based upon, arise out of, relate in any way to, or involve, directly or indirectly, or previously were based upon, arose out of, resulted from, were related to or involved, directly or indirectly, in whole

or in part, the allegations made in, or the subject matter of, the Delaware Action, including, but not limited to:

(i)     the maintenance or invocation of the Forum Selection By-law (in its form prior to the amendment contemplated by this Stipulation);

(ii)     the conduct, actions, inactions, deliberations, discussions, decisions, votes, statements, representations, omissions, disclosures, or non-disclosures of any Released Defendant Party, including any Released Defendant Party's solicitation of proxies, relating to the matters set forth in (i), above; or

(iii)     all losses of any kind and without limitation, including costs and expenses, and compensation awarded to or retained by Boeing directors or officers, or any other harm or loss incurred by Boeing relating in any way to the matters set forth in (i), above.

"Released Delaware Plaintiff Claims" does not include: (i) claims to enforce the Delaware Settlement; (ii) any direct (*i.e.*, not derivative) claims that are or were being prosecuted in the *Boeing Securities* Action, including, without limitation, any claim that the Released Plaintiff Parties or other Boeing stockholders may have with respect to the proceeds from any judgment or settlement in the *Boeing Securities* Action; (iii) any claims that are or were being prosecuted in the *Boeing ERISA* Action, including, without limitation, any claim that the Released Plaintiff Parties or other Boeing stockholders may have with respect to the proceeds from any judgment or settlement in the *Boeing ERISA* Action; and (iv) any claims in connection with insurance coverage or the reinsurance of coverage that Boeing or the Delaware Individual Defendants may have against any of the Insurers arising out of the subject matter of the Delaware Action.

50.     "Released Federal Plaintiff Claims" means

(a)     any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, counterclaims, offsets, issues and controversies of any kind, nature, or description whatsoever;

(b)     whether known or unknown, accrued or unaccrued, disclosed or undisclosed, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent;

(c)     that

(i)     the Released Plaintiff Parties asserted, could have asserted or could hereafter assert in any capacity (including direct, derivative, class, or other capacity) in the Federal Action or any other action against any of the Released Defendant Parties, whether based on state, local, federal, statutory, regulatory, common, or other law or rule;

(ii)     any other Boeing stockholder asserted, could have asserted or could hereafter assert against any of the Released Defendant Parties derivatively on behalf of Boeing, under state, local, federal, statutory, regulatory, common, or other law or rule; or

(iii)     Boeing could have asserted or could hereafter assert against any of the Released Defendant Parties directly under state, local, federal, statutory, regulatory, common, or other law or rule;

(d)     in any court, tribunal, other adjudicatory body, forum, suit, action, or proceeding; and

(e)     which now or hereafter, are based upon, arise out of, relate in any way to, or involve, directly or indirectly, or previously were based upon, arose out of, resulted from, were related to or involved, directly or indirectly, in whole or in part, to the allegations made in, or the subject matter of, the Federal Action, including, but not limited to:

(i)     the misstatements or omissions that Plaintiff alleges were contained in Boeing's 2017, 2018, and 2019 Proxy Statements;

(ii)    the 2017, 2018, and 2019 shareholder votes to elect directors to one-year terms and approve, on an advisory basis, named executive officer compensation;

(iii)   the 2018 and 2019 shareholder votes on a shareholder proposal to require that the Chair of the Boeing Board of Directors be an independent member of the Board;

(iv)    Boeing's internal controls and its controls related to public disclosures;

(v)     Boeing's 2015 settlement agreement with the Federal Aviation Administration described in the Federal Complaint;

(vi)    Boeing's design and development of the 737 MAX fleet, as well as the Accidents and Grounding;

(vii)   the maintenance or invocation of the Forum Selection By-law (in its form prior to the amendment contemplated by the Settlement);

(viii) the conduct, actions, inactions, deliberations, discussions, decisions, votes, statements, representations, omissions, disclosures, or non-disclosures of any Released Defendant Party, including any Released Defendant Party's solicitation of proxies, relating to the matters set forth in (i) through (vii), above; or

(ix) all losses of any kind and without limitation, including costs and expenses, and compensation awarded to or retained by Boeing directors or officers, or any other harm or loss incurred by Boeing relating in any way to the matters set forth in (i) through (viii), above.

"Released Federal Plaintiff Claims" does not include: (i) claims to enforce the Federal Settlement; (ii) any direct (*i.e.*, not derivative) claims that are or were being prosecuted in the *Boeing Securities* Action, including, without limitation, any claim that the Released Plaintiff Parties or other Boeing stockholders may have with respect to the proceeds from any judgment or settlement in the *Boeing Securities* Action; (iii) any claims that are or were being prosecuted in the *Boeing ERISA* Action, including, without limitation, any claim that the Released Plaintiff Parties or other Boeing stockholders may have with respect to the proceeds from any judgment or settlement in the *Boeing ERISA* Action; and (iv) any claims in connection with insurance coverage or the reinsurance of coverage that Boeing or the Named Federal Defendants may have against any of the Insurers arising out of the subject matter of the Federal Action.

51. "Released Parties" means Released Plaintiff Parties and Released Defendant Parties.

52.     "Released Plaintiff Parties" means (a) Plaintiff, and (b) its agents, employees, fiduciaries, partners, control persons, partnerships, general or limited partners, joint ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, principals, officers, managers, directors, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, transferees, assigns, financial or investment advisors, advisors, consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers, dealers, financing sources, lenders, commercial bankers, attorneys, legal advisors, personal or legal representatives, accountants, tax advisors, technical advisors, insurers, co-insurers, reinsurers, and associates, in their capacity as such.

53.     "Scheduling Order" means an order entered by the Delaware Court, substantially in the form attached hereto as Exhibit B.

54.     "Service Award" means an award of up to $15,000, subject to approval by the Federal Court, for Plaintiff in recognition of its participation and efforts in the prosecution of its Demand and related Section 220 investigation, and the Federal and Delaware Actions.

55.     "Settlements" means the Federal Settlement and the Delaware Settlement.

56.     "Stipulation" means this Stipulation and Agreement of Compromise, Settlement, and Release, entered into among the undersigned Parties.

57.     "Summary Notice" means the Summary Notice of Pendency of Derivative and Class Actions, Proposed Settlements of the Actions, and Settlement Hearings, substantially in the form attached hereto as Exhibit H.

58.     "Termination Notice" means written notice of a party's election to terminate the Settlement and this Stipulation pursuant to Paragraphs 80-81.

59.     "Unknown Claims" means any Released Claims that the Parties, any Boeing stockholder, or any member of the Delaware Settlement Class does not know or suspect exists in his, her, or its favor at the time of the release of the Released Claims as against the Released Parties, including without limitation those which, if known, might have affected his, her, or its decision with respect to the Settlements.  With respect to any and all Released Claims, and although the Settlements provide for a specific release of the Released Parties, the Parties stipulate and agree that, upon the Effective Date, the Parties, each Boeing stockholder, and each member of the Delaware Settlement Class shall be deemed to have, and by operation of the Federal Order and Final Judgment and the Delaware Order and Final Judgment shall have, waived the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Released Parties, each Boeing stockholder, and each member of the Delaware Settlement Class shall be deemed to have, and by operation of the Federal Order and Final Judgment and the Delaware Order and Final Judgment shall have, waived any and all provisions, rights and benefits conferred by any law of any jurisdiction, state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542.  Any of the Released Parties, any Boeing stockholder, or any member of the Delaware Settlement Class may hereafter discover facts in addition to or different from those which he, she, they or it now knows or believes to be true with respect to the Released Claims but, upon the Settlements becoming Final, the Released Parties, each of the current Boeing stockholders, and members of the Delaware Settlement Class shall be deemed to have, and by operation of the Federal Order and

Final Judgment and the Delaware Order and Final Judgment shall have, fully, finally, and forever settled and released any and all Released Claims known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Released Parties shall be deemed by operation of the Federal Order and Final Judgment and Delaware Order and Final Judgment to have acknowledged that the foregoing waivers were separately bargained for and are key elements of the Settlements of which this release is a part.

## III.   MONETARY CONSIDERATION

60.   No later than twenty (20) Business Days after the Effective Date, the Monetary Settlement Amount of $6.25 million, less:

i.   any Fee and Expense Award and Service Award; or

ii.   in the event the Fee and Expense Order has not been entered by the Effective Date, the amounts requested in the Fee and Expense Application;

shall be paid by the Insurers on behalf of the Federal Individual Defendants to Boeing in connection with the resolution of the Federal Action. In the event the Fee and Expense Order has not been entered by the Effective Date, then upon entry of the Fee and Expense Order, the Fee and Expense Award and Service Award shall be paid in accordance with paragraph 86 herein. Neither the Named Federal Defendants, Delaware Individual Defendants, Boeing, nor any Person other than the Insurers shall have any obligation to pay the Monetary Settlement Amount, in whole or in part.

## IV.     CORPORATE GOVERNANCE MEASURES

61.     No later than sixty (60) days after the Effective Date, Boeing's Board of Directors will amend its Forum Selection By-law to the agreed language that is set forth in Exhibit A to this Stipulation in connection with the resolution of the Federal Action and Delaware Action.  Boeing shall include the amended version of its Forum Selection By-law in the version of its by-laws published on its public website within ten (10) days of such amendment.

## V.     DELAWARE SETTLEMENT CLASS CERTIFICATION

62.     The Delaware Parties hereby stipulate that, for settlement purposes only: (i) the requirements of Rules 23(a), (b)(1) and/or (b)(2) of the Rules of the Court of Chancery of the State of Delaware are satisfied, and, subject to Delaware Court approval, the Delaware Settlement Class, as defined in Paragraph 19, shall be certified on a non-opt out basis; (ii) Plaintiff in the Delaware Action is appointed as class representative for the Delaware Settlement Class; and (iii) Plaintiff's Counsel are appointed as class counsel for the Delaware Settlement Class.

63.     The certification of the Delaware Settlement Class shall be binding only with respect to this Stipulation and the Delaware Settlement.  In the event that this Stipulation is terminated pursuant to its terms or the Effective Date otherwise fails to occur, the certification of the Delaware Settlement Class shall be deemed vacated and the Delaware Action shall proceed as though the Settlement Class had never been certified.  The certification of the Delaware Settlement Class does not constitute an admission by Defendants that any class should be certified in the Delaware Action, or that the Delaware Settlement Class would meet the requirements for class certification for any purpose other than settlement.

## VI.     SETTLEMENT PROCEDURES

64.     Promptly upon execution of the Stipulation, Plaintiff shall submit the Stipulation, together with its exhibits, to the Federal Court and request entry of the Preliminary Approval

Order, substantially in the form of Exhibit C, seeking, *inter alia*, (a) the preliminary approval of the Federal Settlement; (b) approval for the mailing and publication of the Notice and Summary Notice, substantially in the forms of Exhibits G and H; (c) setting a date for the Federal Settlement Hearing; (d) setting dates for the receipt of objections and the filing of papers in support of a motion for final approval of the Federal Settlement; (e) staying all proceedings in the Federal Action except as may be necessary to implement the Settlements; and (f) granting such other and further relief as the Federal Court deems just and proper.

65.     Plaintiff shall submit the Stipulation, together with its exhibits, to the Delaware Court at the same time Plaintiff submits the Stipulation, together with its exhibits, to the Federal Court, and shall apply for entry of an order, substantially in the form attached as Exhibit B (the "Scheduling Order"), requesting (a) approval of the form and content of the proposed Notice and Summary Notice, substantially in the forms of Exhibits G and H, without prejudice to any stockholder's ability to object to the adequacy of such Notice or Summary Notice; (b) a stay of all proceedings in the Delaware Action except as may be necessary to implement the Settlements; (c) provisional certification of the Delaware Settlement Class for settlement purposes only; (d) provisional appointment for settlement purposes only of Plaintiff as representative for, and Plaintiff's Counsel as counsel for, the Delaware Settlement Class; and (e) setting a date for the Delaware Settlement Hearing after the Federal Settlement is anticipated to become Final.

66.     Notice of the Settlements shall consist of a Notice of Pendency of Derivative and Class Actions, Proposed Settlements of the Actions, and Settlement Hearings (the "Notice"), substantially in the form attached hereto as Exhibit G, and a Summary Notice of Pendency of Derivative and Class Actions, Proposed Settlements of the Actions, and Settlement Hearings (the "Summary Notice"), substantially in the form attached hereto as Exhibit H, which shall notify

current Boeing stockholders, as well as former Boeing stockholders who may be members of the Delaware Settlement Class, of the Settlements.

67.     Notice of the proposed Settlements shall be provided simultaneously to Boeing stockholders and Delaware Settlement Class members in the following manner (or in such other manner directed by the Federal or Delaware Court):  (a) except for those Boeing stockholders and Delaware Settlement Class members who are current record holders of Boeing stock and who have elected to receive information from Boeing electronically and to whom Boeing shall send electronically a copy of the Notice, substantially in the form of Exhibit G, Boeing shall mail, or cause to be mailed, by first class U.S. mail, or other mail service if mailed outside the U.S., a copy of the Notice, substantially in the form of Exhibit G hereto, to all Boeing stockholders and Delaware Settlement Class members who are or were record holders of Boeing stock at their last known address appearing in the stock transfer records maintained by or on behalf of Boeing, and all such record holders of Boeing stock shall be directed to forward such Notice promptly to the beneficial owners of those securities; and (b) Boeing shall publish the Summary Notice, substantially in the form of Exhibit H hereto, as a quarter-page advertisement in the national edition of *The Wall Street Journal* and over the *PR Newswire*.

68.     Boeing shall bear the costs and expenses related to promulgating notice in the manner set forth in Paragraph 67 (a)-(b) ("Notice Costs"), regardless of whether either the Federal or Delaware Court declines to approve the Settlements, or the Effective Date otherwise fails to occur, and in no event shall the Named Federal Defendants, Delaware Individual Defendants, Plaintiff, or any other Boeing stockholder be responsible for any such Notice Costs.

## VII.    FINAL APPROVAL AND DISMISSAL OF ACTIONS

69.     Both Settlements are conditioned on both the Federal Action and Delaware Action being dismissed with prejudice.

70.     To preserve judicial and party resources, and reduce any risk of stockholder confusion or inconsistent decisions, Plaintiff shall move for final approval of the Federal Settlement in the Federal Action prior to seeking final approval of the Delaware Settlement by the Delaware Court.

71.     If the Preliminary Approval Order is granted by the Federal Court, Plaintiff shall, following notice and the opportunity for stockholders to object, and no later than thirty (30) days before the Federal Settlement Hearing, request that the Federal Court enter the Federal Order and Final Judgment substantially in the form attached to this Stipulation as Exhibit E.

72.     If the Federal Order and Final Judgment is entered by the Federal Court, the Delaware Parties shall, within five (5) Business Days thereafter, inform the Delaware Court of the entry of the Federal Order and Final Judgment and request that that the Delaware Court enter the Delaware Order and Final Judgment substantially in the form attached to this Stipulation as Exhibit D and thereby dismiss the Delaware Action either at or after the Delaware Settlement Hearing.

## VIII.  RELEASES

73.     As of the Effective Date, (i) the Released Plaintiff Parties, (ii) Boeing, and (iii) all current Boeing stockholders, to the extent those stockholders are acting or purporting to act derivatively on behalf of Boeing, shall be deemed to completely, fully, finally, and forever release, relinquish, settle, and discharge each and all of the Released Defendant Parties from and with respect to any and all of the Released Federal Plaintiff Claims (including the Unknown Claims), and will be forever barred and enjoined from commencing, instituting, or prosecuting any action or proceeding, in any forum, asserting any of the Released Federal Plaintiff Claims against any of the Released Defendant Parties.

74.     As of the Effective Date, the Released Plaintiff Parties and members of the Delaware Settlement Class shall be deemed to completely, fully, finally, and forever release, relinquish, settle, and discharge each and all of the Released Defendant Parties from and with respect to any and all of the Released Delaware Plaintiff Claims (including the Unknown Claims), and will be forever barred and enjoined from commencing, instituting, or prosecuting any action or proceeding, in any forum, asserting any of the Released Delaware Plaintiff Claims against any of the Released Defendant Parties.

75.     As of the Effective Date, the Released Defendant Parties, individually and collectively, shall be deemed to completely, fully, finally, and forever release, relinquish, settle, and discharge the Released Plaintiff Parties from and with respect to any and all Released Defendant Claims.

76.     As of the Effective Date, the Federal Parties shall be deemed bound by this Stipulation and the Federal Order and Final Judgment.

77.     As of the Effective Date, the Delaware Parties shall be deemed bound by this Stipulation and the Delaware Order and Final Judgment.

78.     The Federal Order and Final Judgment and the Delaware Order and Final Judgment, including, without limitation, the release of all Released Claims against all Released Parties, shall have *res judicata*, collateral estoppel, and all other preclusive effects in all pending and future lawsuits, arbitrations, or other suits, actions, or proceedings involving any of the Released Plaintiff Parties or the Released Defendant Parties.

## IX.     CONDITIONS OF SETTLEMENT

79.     The Effective Date of both Settlements shall be conditioned on the occurrence of all of the following events:

(a)     entry by the Federal Court of the Preliminary Approval Order substantially in the form attached to the Stipulation as Exhibit C;

(b)     entry by the Federal Court of the Federal Order and Final Judgment substantially in the form attached to the Stipulation as Exhibit E;

(c)     the Federal Order and Final Judgment becomes Final;

(d)     entry by the Delaware Court of the Delaware Order and Final Judgment substantially in the form attached to the Stipulation as Exhibit D; and

(e)     the Delaware Order and Final Judgment becomes Final.

80.     Plaintiff and Defendants shall each have the option to terminate the Settlement of any Action to which they are a party and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) calendar days of any of the following events:

(a)     the Federal Court's final non-appealable refusal to enter the Preliminary Approval Order in any material respect;

(b)     the Federal Court's final non-appealable refusal to approve the Federal Settlement or any material part of it;

(c)     the Federal Court's final non-appealable refusal to enter the Federal Order and Final Judgment in any material respect;

(d)     modification or reversal of the Federal Order and Final Judgment in any material respect by the U.S. Court of Appeals for the Seventh Circuit, the U.S. Supreme Court, or any other court hearing an appeal from the Federal Court;

(e)     the Delaware Court's final non-appealable refusal to approve the Delaware Settlement or any material part of it;

(f)     the Delaware Court's final non-appealable refusal to enter the Delaware Order and Final Judgment in any material respect; or

(g)     modification or reversal of the Delaware Order and Final Judgment in any material respect by the Delaware Supreme Court or any other court hearing an appeal from the Delaware Court.

The foregoing list is not intended to limit or impair the Parties' rights under the law of contracts with respect to any breach of this Stipulation. No order of the Federal Court, or modification or reversal on appeal of any order of the Federal Court, concerning the amount of any service award or attorneys' fees, costs, expenses, or interest awarded by the Federal Court to Plaintiff or Plaintiff's Counsel shall constitute grounds for cancellation or termination of the Settlements. Notwithstanding the foregoing, any obligation for the Defendants, or their Insurers, to pay consideration of greater than the Monetary Settlement Amount in consideration for the Settlements would constitute a material modification to the Settlements providing the option for Defendants to send a Termination Notice.

81.     A Party that serves a Termination Notice may move the Federal Court or Delaware Court to vacate any orders entered in connection with the Federal Settlement or Delaware Settlement, respectively, within thirty (30) calendar days of serving the Termination Notice. All Parties will be deemed to have consented to such a motion, provided that the Termination Notice was issued in accordance with the terms set forth in Paragraph 80.

82.     In the event that either Settlement is terminated or fails to become Final or effective for any reason, (a) all of the Parties shall be deemed to have reverted to their respective litigation

status immediately prior to the execution of the Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed, and any related orders had not been entered, (b) all of their respective claims and defenses as to any issue in the Actions shall be preserved without prejudice in any way, (c) the statements made in connection with the negotiation of the proposed Settlements, and the Stipulation, shall not be deemed to prejudice in any way the positions of any of the Parties with respect to the Actions, or to constitute an admission of fact or of wrongdoing by any Party, and shall not be used, or entitle any Party, to recover any fees, costs, or expenses incurred in connection with the Actions, (d) neither the existence of the Stipulation, nor its contents, nor any statements made in connection with the negotiation of the proposed Settlements, nor any other settlement communications, shall be admissible in evidence or shall be referred to for any purpose in the Actions, or in any other suit, action, or proceeding, and (e) the terms of the Settlements shall not be effective or enforceable, except as expressly provided in this Stipulation.

## X. ATTORNEYS' FEES AND EXPENSES

83. Plaintiff and Plaintiff's Counsel intend to petition the Federal Court for, respectively: (i) a service award of up to $15,000 for Plaintiff in recognition of its participation and efforts in the prosecution of its Demand and related Section 220 investigation, and the Actions ("Service Award"), and (ii) for an award of attorneys' fees and expenses as full and final compensation in light of the benefits provided to Boeing and Boeing's stockholders associated with the Settlements in connection with Plaintiff Counsel's work on the Actions, which petition shall be for an amount no greater than $4,250,000 ("Fee and Expense Application").

84. Whereas the monetary consideration described in Section III was obtained in connection with the resolution of Plaintiff's Federal Action, the corporate governance measures obtained by Plaintiff and Plaintiff's Counsel resulted from their work in both Actions; however, because the Parties wish to avoid needless duplication or inefficiency, the Fee and Expense

Application to be filed by Plaintiff and Plaintiff's Counsel in the Federal Action will be the sole application by Plaintiff or Plaintiff's Counsel for an award of fees or expenses, or any service award, in connection with the Settlements. The Fee and Expense Award requested in the Fee and Expense Application to be filed by Plaintiff in the Federal Action is intended as a sole and complete award for all benefits to Boeing and Boeing's stockholders associated with the Settlements.

85.     Any Fee and Expense Award or Service Award shall be paid solely out of the Monetary Settlement Amount and no Defendant shall have any additional responsibility to pay any portion of any Fee and Expense Award or Service Award.

86.     Defendants shall cause the Insurers to wire amounts equivalent to their respective share of any Fee and Expense Award and any Service Award approved by the Federal Court into Plaintiff's Counsel's escrow account, or to deliver such amounts by check to Cohen Milstein Sellers & Toll PLLC at 1100 New York Ave, NW Fifth Floor, Washington, D.C. 20005, within twenty (20) Business Days after the later of (a) the Effective Date, (b) the date the Fee and Expense Order is entered, and (c) Boeing's and the Insurers' receipt from Plaintiff's Counsel of wiring instructions for the Fee and Expense Award and any Service Award, Plaintiff's and Plaintiff's Counsel's Forms W-9, and any other information reasonably required by Boeing and the Insurers to process payment of the Fee and Expense Award and any Service Award.

87.     Resolution of any Fee and Expense Award and any Service Award is not a precondition to either Settlement or to the dismissal with prejudice of Defendants from the Actions. The Federal Court and Delaware Court each may consider and rule upon the fairness, reasonableness, and adequacy of, respectively, the Federal Settlement and Delaware Settlement independently of any award of attorneys' fees and expenses. Any disapproval or modification of any Fee and Expense Application by the Federal Court, or any appeal of the Fee and Expense

Order, shall not affect or delay the enforceability of the Stipulation, provide any of the Parties with the right to terminate either Settlement, impose any obligation on any Defendants, or subject them in any way to an increase in the amount paid by them or on their behalf in connection with either Settlement, or affect or delay the binding effect or finality of the Federal Order and Final Judgment or Delaware Order and Final Judgment and the release of the Released Claims.

88.     No fees or expenses shall be paid to Plaintiff's Counsel, nor a Service Award paid to the Plaintiff, before the Effective Date or in the absence of the Final, non-appealable entry of the Federal Order and Final Judgment and the Delaware Order and Final Judgment, including, without limitation, providing for the releases set forth in Section VIII of this Stipulation.

89.     Subject to the limitations of Paragraph 85, in the event that the amount of any Fee and Expense Award is reduced as a result of further judicial review or appeal of the Fee and Expense Order (or equivalent order entered by the Federal Court) and the Monetary Settlement Amount has already been paid, Plaintiff's Counsel shall remit to Boeing the amount of such reduction no later than twenty (20) Business Days following the date that the order reducing the amount of the Fee and Expense Award becomes final and no longer subject to further appeal or review.  In the event that the amount of any Fee and Expense Award is increased as a result of further judicial review or appeal of the Fee and Expense Order (or equivalent order entered by the Federal Court) and the Monetary Settlement Amount has already been paid, Boeing shall remit to Plaintiff's Counsel the amount of such increase no later than twenty (20) Business Days following the date that the order increasing the amount of any Fee and Expense Award becomes final and no longer subject to further appeal or review.

## XI.     BEST EFFORTS

90.     The Parties and their respective counsel agree to cooperate fully with one another in seeking final approval of the Settlements and to use their best efforts to effect, take, or cause to

be taken all actions, and to do, or cause to be done, all things reasonably necessary, proper, or advisable under applicable laws, regulations, and agreements to consummate and make effective, as promptly as practicable, this Stipulation and the Settlements provided for herein.

91.     In the event any claim, the release of which is contemplated by the Stipulation within the definition of the Released Delaware Plaintiff Claims or Released Federal Plaintiff Claims, is commenced or prosecuted against any of the Released Defendant Parties in any court, the parties to the Actions shall cooperate and use their best efforts to secure the dismissal with prejudice thereof (or a stay thereof in contemplation of dismissal with prejudice following the Settlements becoming Final).

## XII.    SETTLEMENT NOT AN ADMISSION

92.     Defendants deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever in the Actions.  Neither the Settlements, this Stipulation, nor the fact of, or any terms and conditions of, the Settlements or this Stipulation, nor any communications relating thereto, is evidence, or a presumption, admission, or concession by any Defendant or any other Released Defendant Party of any fault, liability, wrongdoing, or damages whatsoever, which are expressly denied and disclaimed by each such party.  The Settlements and this Stipulation are not findings or evidence of the validity or invalidity of any claims or defenses in the Actions, any wrongdoing by any Defendant therein, or any damages or injury to Plaintiff, Boeing, any present or former Boeing stockholder, or any member of the Delaware Settlement Class.  Neither the Settlements, this Stipulation, nor any of their terms, conditions, and provisions, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the fact of the Settlements or Stipulation, nor the proceedings related to the Settlements, nor any statements in connection therewith, shall (a) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession,

presumption, proof, evidence, or finding of any liability, fault, wrongdoing, injury, or damages, or of any wrongful conduct, acts, or omissions on the part of any of the Released Defendant Parties, or of any infirmity of any defense, or of any damage to Plaintiff, Boeing, or any present or former Boeing stockholder, (b) otherwise be used to create or give rise to any inference or presumption against any of the Released Defendant Parties concerning any fact alleged or that could have been alleged, or any claim asserted or that could have been asserted in the Actions, or of any purported liability, fault, wrongdoing, acts, or omissions of the Released Defendant Parties or of any injury or damages to any Person, or (c) be admissible, referred to, interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any Person in the Actions, or in any other suit, action, or proceeding whatsoever, whether civil or administrative; provided, however, that this Stipulation and/or the Federal Order and Final Judgment and/or the Delaware Order and Final Judgment and/or the Fee and Expense Order may be introduced in any suit, action, or proceeding, whether in the Federal Court, the Delaware Court or otherwise, as may be necessary to argue that this Stipulation and/or the Federal Order and Final Judgment and/or the Delaware Order and Final Judgment have *res judicata*, collateral estoppel, or other issue or claim preclusive effect, to otherwise consummate or enforce this Stipulation, the Settlements, the Federal Order and Final Judgment, and/or the Delaware Order and Final Judgment, including, without limitation, to secure any insurance rights or proceeds, or as otherwise required by law.

93.     Plaintiff asserts that it has brought the claims in the Actions in good faith and continues to believe that its claims have legal merit, and the entry by Plaintiff into this Stipulation is not an admission as to the lack of any merit of any claims asserted in the Actions.

94.     The provisions in this subpart shall remain in force in the event that the Stipulation or either Settlement is terminated for any reason whatsoever.

## XIII.   CONFIDENTIALITY

95.    To the extent permitted by law, all agreements made and Federal Court and Delaware Court orders entered during the course of the Federal Action and the Delaware Action relating to the confidentiality of information shall survive this Stipulation.

## XIV.   BREACH AND WAIVER

96.    The Parties acknowledge and agree that (a) any breach of this Stipulation will result in immediate and irreparable injury for which there is no adequate remedy available at law, and (b) in addition to any other remedies available, specific performance and injunctive relief are appropriate remedies to compel performance of this Stipulation.

97.    Any failure by any Party to insist upon the strict performance by any other Party of any of the provisions of this Stipulation shall not be deemed to be a waiver of any of the provisions hereof, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation by such other Party.

98.    No waiver, express or implied, by any Party of any breach or default in the performance by another Party of its obligations under this Stipulation shall be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

## XV.   SUCCESSORS AND ASSIGNS

99.    This Stipulation, and all rights and powers granted thereby, shall be binding upon and shall inure to the benefit of the Parties and their respective agents, executors, heirs, successors, affiliates, transferees, and assigns; provided, however, that no Party shall transfer, assign, or delegate its rights or responsibilities under this Stipulation without the prior written consent of the other Parties.  The Released Parties who are not signatories hereto shall be third-party beneficiaries

under this Stipulation and are entitled to enforce the releases in this Stipulation in accordance with their terms.

## XVI.   CHOICE OF LAW, FORUM, AND WAIVER OF JURY TRIAL

100.   This Stipulation, the Settlements, and any and all disputes arising out of or relating in any way to this Stipulation or the Settlements, whether in contract, tort, or otherwise, shall be governed by, and construed in accordance with, the laws of the state of Delaware, without regard to conflicts of law principles.

101.   Without affecting the finality of the Federal Settlement, each of Plaintiff and the Federal Defendants: (a) irrevocably submits to the personal jurisdiction of the Federal Court (or if that Court declines to exercise jurisdiction, any state or federal court sitting in Delaware), as well as to the jurisdiction of all courts to which an appeal may be taken from such courts, in any suit, action, or proceeding arising out of or relating to this Stipulation as it pertains to the Federal Settlement, (b) agrees that it shall not attempt to deny or defeat such personal jurisdiction by motion or other request for leave from such court, and (c) expressly waives and agrees not to plead or to make any claim that any such suit, action, or proceeding is subject (in whole or in part) to a jury trial.

102.   Without affecting the finality of the Delaware Settlement, each of the Plaintiff and the Delaware Defendants: (a) irrevocably submits to the personal jurisdiction of the Delaware Court (or if that Court declines to exercise jurisdiction, any state or federal court sitting in Delaware), as well as to the jurisdiction of all courts to which an appeal may be taken from such courts, in any suit, action, or proceeding arising out of or relating to this Stipulation as it pertains to the Delaware Settlement, (b) agrees that it shall not attempt to deny or defeat such personal jurisdiction by motion or other request for leave from such court, and (c) expressly waives and

agrees not to plead or to make any claim that any such suit, action, or proceeding is subject (in whole or in part) to a jury trial.

103.     Each of the Parties waives any defense of inconvenient forum to the maintenance of any suit, action, or proceeding brought in accordance with this Section.  Each of the Parties further agrees to waive any bond, surety, or other security that might be required of any other Party with respect to any such suit, action, or proceeding, including, without limitation, an appeal thereof.

## XVII.  REPRESENTATIONS AND WARRANTIES

104.     Plaintiff represents and warrants that it has been a continuous stockholder of Boeing at all times relevant to the allegations in the Federal Complaint.  Plaintiff warrants that it will remain a Boeing stockholder through the Effective Date.

105.     Plaintiff and Plaintiff's Counsel represent and warrant that none of the claims or causes of action asserted in the Federal Complaint, the Delaware Complaint, or any claims Plaintiff could have alleged in the Actions, have been assigned, encumbered, or in any manner transferred in whole or in part.

106.     Each Party represents and warrants that (a) he, she, or it has made such investigation of the facts pertaining to the Settlement provided for in this Stipulation, and all of the matters pertaining thereto, as such Party deems necessary and advisable, and (b) he, she, or it, or a responsible officer, partner, fiduciary, counsel, or other such similar Person thereof, has read this Stipulation and understands the contents hereof.

107.     All counsel signing this Stipulation represent and warrant that they have authority to sign this Stipulation on behalf of their clients and that they have authority to take appropriate action required or permitted to be taken pursuant to this Stipulation to effectuate its terms and

conditions and that this Stipulation shall be binding on such Party in accordance with its terms and conditions.

108.    Plaintiff's Counsel warrant that no portion of any Fee and Expense Award shall be paid to Plaintiff, and that any Service Award as approved by the Federal Court is separate from and independent of any Fee and Expense Award approved by the Federal Court.

## XVIII. MODIFICATION AND ENTIRE AGREEMENT

109.    This Stipulation and its exhibits constitute the entire agreement among the Parties, and, with respect to the subject matter hereof, supersede all written or oral communications, agreements, or understandings that may have existed prior to the execution of this Stipulation.  No representations, warranties, or inducements whatsoever, whether written or oral, have been made to or relied upon by any party hereto concerning this Stipulation and its exhibits, other than the representations, warranties, and covenants expressly set forth in such documents.

110.    This Stipulation may not be amended or modified, nor any of its provisions be waived, except by a written instrument signed by counsel for all Parties or their successors-in-interest.

111.    Without further order of the Federal Court or Delaware Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

## XIX.  INTERPRETATION OF AGREEMENT

112.    All of the exhibits attached hereto are material and integral parts of this Stipulation and are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms and conditions of this Stipulation and the terms and conditions of any exhibit attached hereto, the terms and conditions of this Stipulation shall prevail.

113.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Stipulation is the result of arms'-length negotiations among the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

114.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

## XX.     EXECUTION

115.     The Parties may execute this Stipulation in multiple counterparts, each of which constitutes an original, and all of which, collectively, constitute only one agreement.   The signatures of all of the Parties need not appear on the same counterpart, and delivery of an executed counterpart signature page by facsimile or electronic mail is as effective as executing and delivering this Stipulation in the presence of all other Parties.

116.     This Stipulation shall be binding when signed by all Parties, but the Settlements shall be effective only upon occurrence of the Effective Date.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation, dated as of August 10, 2022 to be executed by their duly authorized attorneys.

Dated:  August 10, 2022

As to the Federal Settlement to be filed in *Seafarers Pension Plan v. Bradway, et al.*, Case No.

1:19-cv-08095 (N.D. Ill.):[3]

| | |
|---|---|
| */s/ Carol V. Gilden* | */s/ Sharon L. Nelles* |
| Carol V. Gilden, Esq. | Sharon L. Nelles* |
| COHEN MILSTEIN SELLERS & TOLL | David M.J. Rein* |
| PLLC | Benjamin R. Walker* |
| 190 S. LaSalle Street, Suite 1705 | Tasha N. Thompson* |
| Chicago, Illinois 60603 | SULLIVAN & CROMWELL LLP |
| cgilden@cohenmilstein.com | 125 Broad Street |
| | New York, New York 10004 |
| Steven J. Toll | Tel.: (212) 558-4000 |
| COHEN MILSTEIN SELLERS & TOLL | nellesn@sullcrom.com |
| PLLC | reind@sullcrom.com |
| 1100 New York Avenue | walkerb@sullcrom.com |
| North Tower, Suite 500, NW | thompsontas@sullcrom.com |
| Washington, D.C. 20005 | * Application for admission *pro hac vice* |
| stoll@cohenmilstein.com | forthcoming |
| | |
| Richard A. Speirs, Esq. | Joshua K. Rabinovitz |
| Amy Miller, Esq. | KIRKLAND & ELLIS LLP |
| COHEN MILSTEIN SELLERS & TOLL | 300 North LaSalle Street |
| PLLC | Chicago, Illinois 60654 |
| 88 Pine Street, 14th Floor | joshua.rabinovitz@kirkland.com |
| New York, New York 10005 | |
| rspeirs@cohenmilstein.com | *Attorneys for The Boeing Company, Robert* |
| amiller@cohenmilstein.com | *A. Bradway, David L. Calhoun, Arthur D.* |
| | *Collins Jr., Admiral Edmund P.* |
| *Attorneys for Plaintiff Seafarers Pension* | *Giambastiani Jr., Lynn J. Good, Lawrence* |
| *Plan* | *W. Kellner, Caroline B. Kennedy, Edward* |
| | *M. Liddy, Dennis A. Muilenburg, Susan C.* |
| | *Schwab, Randall L. Stephenson, Ronald A.* |
| | *Williams, and Mike S. Zafirovski* |

---

[3] This signature page is filed for informational purposes only in the Delaware Action.

As to the Delaware Settlement to be filed in *Seafarers Pension Plan v. Bradway, et al.*, C.A. No.

2020-0556-MTZ (Del. Ch.):[4]

*/s/ Frank Noyes*
Frank Noyes (#3988)
OFFIT KURMAN P.A.
222 Delaware Avenue, Suite 105
Wilmington, Delaware 19801
fnoyes@offitkurman.com


Carol V. Gilden, Esq.
COHEN MILSTEIN SELLERS & TOLL
PLLC
190 S. LaSalle Street, Suite 1705
Chicago, Illinois 60603
cgilden@cohenmilstein.com


Steven J. Toll
COHEN MILSTEIN SELLERS & TOLL
PLLC
1100 New York Avenue
North Tower, Suite 500, NW
Washington, D.C. 20005
stoll@cohenmilstein.com


Richard A. Speirs, Esq.
Amy Miller, Esq.
COHEN MILSTEIN SELLERS & TOLL
PLLC
88 Pine Street, 14th Floor
New York, New York 10005
rspeirs@cohenmilstein.com
amiller@cohenmilstein.com

*Attorneys for Plaintiff Seafarers Pension*
*Plan*

*/s/ Blake Rohrbacher*
Blake Rohrbacher (#4750)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
rohrbacher@rlf.com


Sharon L. Nelles*
David M.J. Rein*
Benjamin R. Walker*
Tasha N. Thompson*
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel.: (212) 558-4000
nellesn@sullcrom.com
reind@sullcrom.com
walkerb@sullcrom.com
thompsontas@sullcrom.com
* Application for admission *pro hac vice*
forthcoming

*Attorneys for Defendants The Boeing*
*Company, Robert A. Bradway, David L.*
*Calhoun, Arthur D. Collins Jr., Admiral*
*Edmund P. Giambastiani Jr., Lynn J. Good,*
*Akhil Johri, Lawrence W. Kellner, Caroline*
*B. Kennedy, Steven Mollenkopf, John*
*Richardson, Susan C. Schwab, and Ronald*
*A. Williams*

---

[4] This signature page is filed for informational purposes only in the Federal Action.