# Exhibit G

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEAFARERS PENSION PLAN v. ROBERT A. BRADWAY, et al. and THE BOEING COMPANY as Nominal Defendant | ) ) DOCKET NO. 1:19-cv-08095 ) ) |

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| SEAFARERS PENSION PLAN v. ROBERT A. BRADWAY, *et al.* | ) ) C.A. No. 2020-0556-MTZ |

**NOTICE OF PENDENCY OF DERIVATIVE AND CLASS ACTIONS, PROPOSED SETTLEMENTS OF THE ACTIONS, AND SETTLEMENT HEARINGS**

TO:     ALL CURRENT STOCKHOLDERS OF THE BOEING COMPANY ("BOEING")

ALL HOLDERS OF BOEING STOCK BETWEEN DECEMBER 11, 2019 AND AUGUST 10, 2022

**PLEASE READ ALL OF THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY THE LEGAL PROCEEDINGS IN THE ACTIONS. THIS NOTICE RELATES TO THE PROPOSED SETTLEMENTS OF LAWSUITS PENDING IN FEDERAL AND STATE COURTS AND CONTAINS IMPORTANT INFORMATION. IF THE FEDERAL COURT AND DELAWARE COURT APPROVE THE PROPOSED SETTLEMENTS, YOU WILL BE FOREVER BARRED FROM CONTESTING THE FAIRNESS OF THE SETTLEMENTS OR PURSUING THE RELEASED PLAINTIFF CLAIMS (AS DEFINED IN PARAGRAPH 1 HEREIN) AGAINST THE RELEASED DEFENDANT PARTIES (AS DEFINED IN PARAGRAPH 1 HEREIN).**

**THE SETTLEMENTS DO NOT INCLUDE A COMMON FUND UPON WHICH YOU CAN MAKE A CLAIM FOR MONETARY PAYMENT. IF YOU DO NOT OBJECT TO THE TERMS AND CONDITIONS OF THE PROPOSED SETTLEMENTS, YOU ARE NOT OBLIGATED TO TAKE ANY ACTION. IF YOU HOLD BOEING COMPANY COMMON STOCK FOR THE BENEFIT OF ANOTHER, PLEASE PROMPTLY TRANSMIT THIS DOCUMENT TO SUCH BENEFICIAL OWNER.**

## THE PURPOSE OF THIS NOTICE

The purpose of this notice (the "Notice") is to inform you of two lawsuits, proposed settlements in each lawsuit, and court hearings to be held for each settlement. The parties to each lawsuit have entered into a Stipulation and Agreement of Compromise, Settlement, and Release, dated August 10, 2022 (the "Stipulation"), to resolve the Federal Action and the Delaware Action, subject to approval of the Federal Court and the Delaware Court, which has been filed with each court. A hearing regarding the proposed settlement of the Federal Action will be held by the U.S. District Court for the Northern District of Illinois, Eastern Division (the "Federal Court"), at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, on _____ ___, 202_, at _____ _.m. (the "Federal Settlement Hearing"). A hearing regarding the proposed settlement of the Delaware Action will be held by the Court of Chancery of the State of Delaware (the "Delaware Court") at the Leonard L. Williams Justice Center, 500 North King Street, Wilmington, Delaware 19801, on _____ ___, 202_, at _____ _.m. (the "Delaware Settlement Hearing").

Pursuant to the Federal Settlement, (i) Plaintiff Seafarers Pension Plan ("Seafarers" or "Plaintiff"), on behalf of and for the benefit of The Boeing Company ("Boeing" or the "Company") and current Boeing stockholders; (ii) individual Defendants in the Federal Action: Robert A. Bradway, David L. Calhoun, Arthur D. Collins Jr., Edmund P. Giambastiani Jr., Lynn J. Good, Lawrence W. Kellner, Caroline B. Kennedy, Edward M. Liddy, Dennis A. Muilenburg, Susan C. Schwab, Randall L. Stephenson, Ronald A. Williams, and Mike S. Zafirovski (together, the "Federal Individual Defendants"); and (iii) Nominal Defendant Boeing have made application, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for an order approving the proposed settlement of the stockholder derivative action captioned *Seafarers Pension Plan* v. *Bradway, et al.* pending in the Federal Court as Case No. 1:19-cv-08095 (the "Federal Action"), in accordance with the Stipulation (the "Federal Settlement"). The Stipulation provides for the dismissal of the Federal Action on the merits with prejudice, including as against Named Federal Defendants (defined below), upon and subject to the terms and conditions set forth in the Stipulation. A copy of the Stipulation, including Exhibits, is available by contacting counsel listed below.

Pursuant to the Delaware Settlement, Seafarers, on behalf of a putative class of Boeing stockholders who held Boeing stock at any time between December 11, 2019 and August 10, 2022 ("Delaware Settlement Class"), has made application, pursuant to Rule 23 of the Rules of the Court of Chancery of the State of Delaware (the "Court of Chancery Rules"), for an order approving the proposed settlement of the putative stockholder class action captioned *Seafarers Pension Plan* v. *Bradway, et al.* pending in the Delaware Court as C.A. No. 2020-0556-MTZ (the "Delaware Action"), filed against (i) individual Defendants: Robert A. Bradway, David L. Calhoun, Arthur D. Collins Jr., Edmund P. Giambastiani Jr., Lynn J. Good, Akhil Johri, Lawrence W. Kellner, Caroline B. Kennedy, Steven M. Mollenkopf, John M. Richardson, Susan C. Schwab, and Ronald A. Williams (together, "Delaware Individual Defendants"); and (ii) Defendant The Boeing Company (together with Plaintiff and Delaware Individual Defendants, the "Delaware Parties"), in accordance with the Stipulation (the "Delaware Settlement"). The Stipulation also provides for the dismissal of the Delaware Action on the merits with prejudice upon and subject to the terms and conditions set forth in the Stipulation. A copy of the Stipulation, including Exhibits, is available by contacting counsel listed below.

At the Federal Settlement Hearing, the Federal Court will be asked to:

a. Determine whether the Stipulation, and the terms and conditions of the Federal Settlement set forth in the Stipulation, are fair, reasonable, adequate, and in the best interests of Boeing and its stockholders and should be approved by the Federal Court;

b. Determine whether an order substantially in the form attached as Exhibit E to the Stipulation (the "Federal Order and Final Judgment") should be entered, dismissing the Federal Action with prejudice, including as against the Federal Defendants, releasing the Released Federal Plaintiff Claims against the Released Defendant Parties, releasing the Released Defendant Claims against the Released Plaintiff Parties, and barring and enjoining prosecution of any and all Released Federal Plaintiff Claims and Released Defendant Claims against any and all Released Defendant Parties and Released Plaintiff Parties, respectively;

c. Hear and determine any objections to the Federal Settlement;

d. Consider Plaintiff's petition for an award of attorneys' fees and expenses and service award (the "Fee and Expense Application"); and

e. Rule on other such matters as the Court may deem appropriate.

At the Delaware Settlement Hearing, the Delaware Court will be asked to:

a. Determine whether the Stipulation, and the terms and conditions of the Delaware Settlement set forth in the Stipulation, are fair, reasonable, adequate, and in the best interests of the Delaware Settlement Class and should be approved by the Delaware Court;

b. Determine whether an order substantially in the form attached as Exhibit D to the Stipulation (the "Delaware Order and Final Judgment") should be entered, dismissing the Delaware Action with prejudice, including as against Delaware Defendants, releasing the Released Delaware Plaintiff Claims against the Released Defendant Parties, releasing the Released Defendant Claims against the Released Plaintiff Parties, and barring and enjoining prosecution of any and all Released Delaware Plaintiff Claims and Released Defendant Claims against any and all Released Defendant Parties and Released Plaintiff Parties, respectively;

c. For settlement purposes only, certify, on a non-opt out basis, the Delaware Settlement Class, appoint Plaintiff as class representative for the Delaware Settlement Class, and appoint Plaintiff's Counsel as class counsel for the Delaware Settlement Class;

d. Hear and determine any objections to the Delaware Settlement; and

e. Rule on other such matters as the Delaware Court may deem appropriate.

Stockholders may but do not need to attend either the Federal Settlement Hearing or the Delaware Settlement Hearing.

This Notice describes the rights you may have under the Stipulation and what steps you may, but are not required to, take concerning the proposed Settlements. If the Federal Court approves the Stipulation, Plaintiff will ask the Federal Court to approve the Federal Order and Final Judgment, which would end the Federal Action if the Delaware Settlement is also approved. If the Delaware Court approves the Settlement, Plaintiff will ask the Delaware Court to approve the Delaware Order and Final Judgment, which would end the Delaware Action if the Federal Settlement is also approved.

## BACKGROUND OF THE ACTIONS

**THIS NOTICE DOES NOT CONSTITUTE FINDINGS OF THE FEDERAL COURT OR THE DELAWARE COURT AND SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF EITHER COURT AS TO THE MERITS OF ANY CLAIMS OR DEFENSES BY ANY OF THE PARTIES. IT IS BASED ON STATEMENTS OF THE PARTIES AND IS SENT FOR THE SOLE PURPOSE OF INFORMING YOU OF THE EXISTENCE OF THE ACTIONS AND OF THE PROPOSED SETTLEMENTS OF THE ACTIONS SO THAT YOU MAY MAKE APPROPRIATE DECISIONS AS TO STEPS YOU MAY, OR MAY NOT, WISH TO TAKE IN RELATION TO THE ACTIONS.**

On March 17, 2017, in connection with its 2017 Annual Meeting of Shareholders, Boeing's Board of Directors issued an annual proxy statement to its stockholders (the "2017 Proxy Statement") soliciting proxies for, among other things, votes to elect directors to one-year terms, and an advisory vote on named executive officer compensation.

On March 26, 2018, in connection with its 2018 Annual Meeting of Shareholders, Boeing's Board of Directors issued an annual proxy statement to its stockholders (the "2018 Proxy Statement") soliciting proxies for, among other things, votes to elect directors to one-year terms, as well as advisory votes on named executive officer compensation and a shareholder proposal to require that the Chair of Boeing's Board of Directors be an independent member of the Board.

On March 15, 2019, in connection with its 2019 Annual Meeting of Shareholders, Boeing's Board of Directors issued an annual proxy statement to its stockholders (the "2019 Proxy Statement") soliciting proxies for, among other things, votes to elect directors to one-year terms, as well as advisory votes on named executive officer compensation and a shareholder proposal to require that the Chair of the Boeing Board of Directors be an independent member of the Board.

On October 29, 2018, a Boeing 737 MAX aircraft, Lion Air Flight 610, crashed off the coast of Indonesia (the "Lion Air Accident").

On March 10, 2019, a Boeing 737 MAX aircraft, Ethiopian Airlines Flight 302, crashed in Ethiopia (the "Ethiopian Airlines Accident" and, together with the Lion Air Accident, the "Accidents").

On March 13, 2019, the Federal Aviation Administration ("FAA") grounded Boeing's global fleet of 737 MAX aircraft, as had other international regulating authorities (the "Grounding").

On April 15, 2019, Seafarers made a demand under 8 *Del. C.* § 220 ("Section 220") to Boeing, and then made a subsequent demand to Boeing pursuant to Section 220 on May 16, 2019, related to the Accidents and the Grounding (collectively, the "Demand").

Boeing and Seafarers then engaged in multiple written communications and related meet and confers concerning the Demand, and Boeing produced more than 13,400 pages of documents in response to the Demand from July 2019 through May 2020.

## A. Federal Court Proceedings

On December 11, 2019, Seafarers filed a stockholder derivative action in the Federal Court, *Seafarers Pension Plan* v. *Bradway, et al.*, No. 1:19-cv-08095, against current and former directors and officers of Boeing, Robert A. Bradway, David L. Calhoun, Arthur D. Collins Jr., Linda Z. Cook, Kenneth M. Duberstein, Edmund P. Giambastiani Jr., Lynn J. Good, Lawrence W. Kellner, Caroline B. Kennedy, Edward M. Liddy, W. James McNerney, Jr., Dennis A. Muilenburg, Susan C. Schwab, Randall L. Stephenson, Ronald A. Williams, Mike S. Zafirovski, Kevin McAllister, Raymond L. Connor, Greg Smith, J. Michael Luttig, Greg Hyslop, Diana Sands, Scott Fancher, and John Tracy (collectively, the "Named Federal Defendants") and Boeing as a nominal defendant, alleging derivatively on behalf of Boeing violations of Section 14(a) of the Securities and Exchange Act of 1934 arising from the 2017, 2018, and 2019 Proxy Statements (Count I), as well as breach of fiduciary duty and other Delaware state law claims (Counts II-IV).

Count I of the complaint filed by Seafarers (the "Federal Complaint") alleges, among other things, that statements in Boeing's 2017 Proxy Statement, 2018 Proxy Statement, and 2019 Proxy Statement related to Boeing's "recommendation[s] to re-elect . . . directors, approve certain executive compensation, and vote against stockholder proposals to adopt a policy to require an independent Chairman" omitted material information about, among other things, Boeing's 2015 settlement with the FAA.

The Federal Complaint also alleges that Boeing's 2019 Proxy Statement omitted certain material information concerning the Accidents, the Grounding, and regulatory and safety matters.

On February 13, 2020, the Federal Defendants filed a motion to dismiss for *forum non conveniens* asserting that the forum selection by-law at Article VII, Section 4 of Boeing's by-laws (the "Forum Selection By-law") precluded Plaintiff from asserting its action derivatively in the Federal Court.

The same day, on February 13, 2020, the Federal Parties filed a joint motion to dismiss Plaintiff's state law claims (Counts II-IV of the Federal Complaint) without prejudice and asked the Federal Court to set a schedule for briefing the Federal Defendants' motion to dismiss the remaining claim in the Federal Complaint (Count I) for *forum non conveniens*.

On February 18, 2020, the Federal Court granted the Federal Parties' joint motion to dismiss Counts II-IV of the Federal Complaint and, as a result, named defendants Linda Cook, W. James McNerney, Jr., Kevin McAllister, Raymond Conner, Greg Smith, J. Michael Luttig, Greg Hyslop, Diana Sands, John Tracy, and Scott Fancher were all dismissed from the Federal Action.

On February 18, 2020, the Federal Court also granted the Federal Parties' request to extend Defendants' time for filing a motion to dismiss under Rule 12(b) and Rule 23.1 to 30 days after the Court resolved the motion to dismiss for *forum non conveniens*.

Following briefing on the motion to dismiss, by order dated June 8, 2020, the Federal Court granted the Federal Defendants' motion to dismiss the Federal Complaint for *forum non conveniens* on the basis that, as applied to Plaintiff's claims, Boeing's Forum Selection By-law required Plaintiff to file its derivative claim in Delaware state court.

On July 9, 2020, Plaintiff filed a notice of appeal of the order granting the Federal Defendants' motion to dismiss for *forum non conveniens* to the U.S. Court of Appeals for the Seventh Circuit, *Seafarers Pension Plan* v. *Bradway*, No. 20-2244.

On January 7, 2022, following briefing and oral argument, a three-judge panel of the Court of Appeals issued a decision, with one judge dissenting, holding that the Forum Selection By-law was not enforceable as applied to Plaintiff's claims and reversing the order and judgment of the Federal Court, and remanding the case to the Federal Court for further proceedings consistent with its opinion (*see Seafarers Pension Plan* v. *Bradway*, 23 F.4th 714 (7th Cir. 2022) (mandate issued January 31, 2022)).

## B. Boeing's 2020 Proxy Statement

On March 13, 2020, Boeing filed with the SEC its proxy statement in connection with its upcoming April 27, 2020 Annual Meeting of Shareholders (the "2020 Proxy Statement").

The first section of the 2020 Proxy Statement was titled "The Boeing Board: Learning and Taking Action" and included sub-sections titled: (i) "Listening to Your Feedback"; (ii) "Strengthening Safety"; (iii) "Holding Leaders Accountable"; (iv) "Making Senior Leadership Changes"; (v) "Rebuilding Stakeholder Trust"; (vi) "Living Our Values"; and (vii) "Our Path Forward."  This section made disclosures describing, among other things, (1) the Accidents involving Lion Air Flight 610 and Ethiopian Airlines Flight 302 and the steps taken by Boeing's Board of Directors following the Accidents to strengthen and affirm Boeing's commitment to safety and Boeing's outreach to the families of those impacted by the 737 MAX Accidents, (2) Boeing's work with the FAA and other regulators to return the 737 MAX to service, (3) changes to executive compensation that occurred "[s]ince the grounding of the 737 MAX" fleet, and (4) Boeing's recognition of liabilities "related to customer concessions and other considerations."

Seafarers' goals in the filing of the Federal Action and the relief sought in its Federal Complaint were consistent with the disclosures contained in the 2020 Proxy Statement.

## C. Delaware Court Proceedings

On July 8, 2020, approximately one month after the Federal Court dismissed the Federal Action and while Plaintiff Seafarers' appeal of the Federal Action was pending before the U.S. Court of Appeals for the Seventh Circuit, Seafarers filed a complaint (the "Delaware Complaint") seeking to assert claims on behalf of a class of Boeing stockholders against Boeing

and certain current and former directors and officers of Boeing in the Delaware Court, *Seafarers Pension Plan* v. *Bradway, et al.*, C.A. No. 2020-0556-MTZ (the "Delaware Action").

The Delaware Complaint sought a declaratory judgment that Boeing's Forum Selection By-law violated Delaware General Corporation Law Sections 115 and 109(b) (Counts I and II) and alleged that the Delaware Individual Defendants breached their fiduciary duties by "maintaining and invoking" the Forum Selection By-law, "failing to correct and/or rescind" the Forum Selection By-law after the passage of Section 115, and "affirmatively asserting" the Forum Selection By-law, including against Plaintiff in the Federal Action (Count III).

On August 28, 2020, the Delaware Defendants filed a motion to dismiss the Delaware Complaint.

On January 13, 2021, following briefing of the Delaware Defendants' motion to dismiss, the Delaware Court held a hearing on the motion, and stated on the record that in the "interests of litigative efficiency, judicial economy, and comity," the Court was staying the Delaware Action "indefinitely" pending the "final resolution of the federal court's views on the bylaw's validity, including on any remand."

**D. Mediation and Settlement**

On November 1, 2021, counsel for the Parties began settlement discussions, and, after failing to reach agreement on resolution of the claims, determined in December 2021 to retain an independent mediator.

On March 1, 2022, counsel for the Parties, internal counsel for Boeing, and counsel for certain directors and officers liability insurers (the "Insurers"), participated in a day-long mediation session by videoconference with Greg Danilow, Esq., an experienced mediator with Phillips ADR and with four decades of experience in complex commercial disputes, including previously working with retired Judge Layn Phillips to assist in mediating the resolution of a separate derivative action related to the Accidents involving state law fiduciary duty claims, *In re The Boeing Company Derivative Litig.*, C.A. No. 2019-0907-MTZ (Del. Ch.).

Following the day-long mediation, the Parties, with the assistance of Mr. Danilow, continued to engage in settlement negotiations, including by telephone and videoconference over the course of the next seven weeks.

On April 18, 2022, the Parties reached an agreement in principle to settle both of the Actions.

The proposed Settlements of the Federal Action and the Delaware Action set forth in the Stipulation reflect the results of the Parties' negotiations. An agreement was reached only after arm's-length negotiations between the Parties, all of whom were represented by counsel with extensive experience and expertise in stockholder derivative and class litigation, who were well informed regarding the strengths and weaknesses of their respective claims and defenses. Counsel for the Parties have concluded that the terms and conditions contained in the Stipulation are fair, reasonable, and adequate to Boeing and its stockholders, Plaintiff, and Defendants, and that it is reasonable to settle the Actions based upon the terms of the Settlements set forth in the Stipulation.

In connection with settlement discussions and negotiations leading to the proposed Settlements set forth in the Stipulation, the Parties did not discuss the appropriateness or amount of any application by Plaintiff for an award of attorneys' fees and expenses.

On _____ ___, 2022, the Federal Court entered the Preliminary Approval Order providing for, among other things, the scheduling of the Federal Settlement Hearing and the distribution of this Notice.

On _____ ___, 2022, the Delaware Court entered the Scheduling Order providing for, among other things, the scheduling of the Delaware Settlement Hearing and the distribution of this Notice.

**THE SETTLEMENT OF THE FEDERAL ACTION, IF APPROVED BY THE FEDERAL COURT ON THE TERMS AND CONDITIONS SET FORTH IN THE STIPULATION, WILL INCLUDE, WITHOUT LIMITATION, A RELEASE OF ALL RELEASED FEDERAL PLAINTIFF CLAIMS AGAINST THE RELEASED DEFENDANT PARTIES AND OF ALL RELEASED DEFENDANT CLAIMS AGAINST THE RELEASED PLAINTIFF PARTIES, AS THOSE TERMS ARE DEFINED IN PARAGRAPH 1 BELOW. IF YOU ARE A CURRENT STOCKHOLDER OF BOEING, YOU WILL BE BOUND BY ANY JUDGMENT ENTERED IN THE FEDERAL ACTION WITH RESPECT TO YOUR ABILITY TO BRING RELEASED FEDERAL PLAINTIFF CLAIMS.**

**THE SETTLEMENT OF THE DELAWARE ACTION, IF APPROVED BY THE DELAWARE COURT ON THE TERMS AND CONDITIONS SET FORTH IN THE STIPULATION, WILL INCLUDE, WITHOUT LIMITATION, A RELEASE OF ALL RELEASED DELAWARE PLAINTIFF CLAIMS AGAINST THE RELEASED DEFENDANT PARTIES AND OF ALL RELEASED DEFENDANT CLAIMS AGAINST THE RELEASED PLAINTIFF PARTIES, AS THOSE TERMS ARE DEFINED IN PARAGRAPH 1 BELOW. IF YOU HELD BOEING STOCK AT ANY TIME BETWEEN DECEMBER 11, 2019 AND AUGUST 10, 2022, YOU WILL BE BOUND BY ANY JUDGMENT ENTERED IN THE DELAWARE ACTION WITH RESPECT TO YOUR ABILITY TO BRING RELEASED DELAWARE PLAINTIFF CLAIMS.**

**NEITHER THE FEDERAL COURT NOR THE DELAWARE COURT HAVE FINALLY DETERMINED THE MERITS OF THE CLAIMS MADE BY PLAINTIFF AGAINST, OR THE DEFENSES OF, DEFENDANTS IN EITHER ACTION. THIS NOTICE DOES NOT IMPLY THAT THERE HAS BEEN OR WOULD BE ANY FINDING OF VIOLATION OF THE LAW OR THAT RELIEF IN ANY FORM OR RECOVERY IN ANY AMOUNT COULD BE HAD IF THE ACTIONS WERE NOT SETTLED.**

## DEFINITIONS

1.      The capitalized terms in this Notice have the same meanings as those in the Stipulation.  Select definitions are repeated below.

a.      "Actions" means the Federal Action and the Delaware Action.

b.      "Boeing" means The Boeing Company.

c.      "Boeing Securities Action" means *In re The Boeing Company Aircraft Securities Litigation*, No. 19 Civ. 2394 (N.D. Ill.), including any appeals thereof.

d.      "Boeing ERISA Action" means *Burke* v. *The Boeing Co., et al*., No. 1:19-cv-02203 (N.D. Ill.), including any appeals thereof.

e.      "Defendants" means the Federal Defendants and the Delaware Defendants.

f.      "Delaware Action" means the proceeding in the Delaware Court styled as *Seafarers Pension Plan* v. *Bradway, et al*., C.A. No. 2020-0556-MTZ.

g.      "Delaware Defendants" means Boeing and the Delaware Individual Defendants.

h.      "Delaware Individual Defendants" means Robert A. Bradway, David L. Calhoun, Arthur D. Collins Jr., Edmund P. Giambastiani Jr., Lynn J. Good, Akhil Johri, Lawrence W. Kellner, Caroline B. Kennedy, Steven M. Mollenkopf, John M. Richardson, Susan C. Schwab, and Ronald A. Williams.

i.      "Delaware Parties" means the parties to the Delaware Action, comprising Plaintiff and the Delaware Defendants.

j.      "Delaware Settlement Class" means all Persons who held Boeing stock at any time between December 11, 2019 and the date of the Stipulation.

k.      "Federal Action" means the above-captioned stockholder derivative action.

l.      "Federal Defendants" means the Federal Individual Defendants and Nominal Defendant Boeing.

m.      "Federal Individual Defendants" means Robert A. Bradway, David L. Calhoun, Arthur D. Collins Jr., Edmund P. Giambastiani Jr., Lynn J. Good, Lawrence W. Kellner, Caroline B. Kennedy, Edward M. Liddy, Dennis A. Muilenburg, Susan C. Schwab, Randall L. Stephenson, Ronald A. Williams, and Mike S. Zafirovski.

n.      "Federal Parties" means the parties to the Federal Action, comprising Plaintiff, the Federal Individual Defendants, Kenneth M. Duberstein, and Boeing, as the nominal Defendant.

9

o.     "Fee and Expense Application" means Plaintiff's petition for a Fee and Expense Award and a Service Award in the Federal Court, as set forth in Section X of the Stipulation.

p.     "Forum Selection By-law" means the forum selection by-law at Article VII, Section 4 of Boeing's by-laws.

q.     "Insurers" means Boeing's directors and officers liability insurers.

r.     "Monetary Settlement Amount" means a monetary payment of $6.25 million to be paid by the Insurers to Boeing as part of the consideration in connection with the Federal Settlement.

s.     "Named Federal Defendants" means the Federal Defendants, as well as Raymond Conner, Linda Cook, Kenneth M. Duberstein, Scott Fancher, Greg Hyslop, J. Michael Luttig, Kevin McAllister, W. James McNerney, Jr., Diana Sands, Greg Smith, and John Tracy.

t.     "Plaintiff" means Seafarers Pension Plan or "Seafarers."

u.     "Plaintiff's Counsel" means counsel for Plaintiff in both Actions, Cohen Milstein Sellers & Toll PLLC.  Offit Kurman, P.A. served as additional counsel for Plaintiff in the Delaware Action.

v.     "Released Claims" means Released Delaware Plaintiff Claims, Released Federal Plaintiff Claims, and Released Defendant Claims.

w.     "Released Defendant Claims" means any and all claims arising out of or relating to the initiation, prosecution, or resolution of the Actions, excepting any claim to enforce the Stipulation, the Delaware Settlement, or the Federal Settlement.

x.     "Released Defendant Parties" means, whether or not each or all of the following Persons were named, served with process, or appeared in the Actions:  (a) Delaware Defendants; (b) Named Federal Defendants; (c) any Person that is or was related to or affiliated or associated with any or all of Delaware Defendants or Named Federal Defendants or in which any or all of them has or had a controlling interest; and (d) with respect to Persons described in (a)-(c), each of their respective past or present family members, spouses, heirs, trusts, trustees, executors, estates, foundations, administrators, beneficiaries, distributees, agents, employees, fiduciaries, partners, control persons, partnerships, general or limited partners, joint ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, shareholders, stockholders, principals, officers, managers, directors, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, transferees, assigns, financial or investment advisors, advisors, consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers, dealers, financing sources, lenders, commercial bankers,

attorneys, legal advisors, personal or legal representatives, accountants, tax advisors, technical advisors, insurers, co-insurers, reinsurers, and associates.

     y.     "Released Delaware Plaintiff Claims" means

     (1)     any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, counterclaims, offsets, issues and controversies of any kind, nature, or description whatsoever;

     (2)     whether known or unknown, accrued or unaccrued, disclosed or undisclosed, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent;

     (3)     that the Released Plaintiff Parties or any other member of the Delaware Settlement Class asserted, could have asserted or could hereafter assert in any direct or class capacity in the Delaware Action or any other action against any of the Released Defendant Parties, whether based on state, local, federal, statutory, regulatory, common, or other law or rule;

     (4)     in any court, tribunal, other adjudicatory body, forum, suit, action, or proceeding; and

     (5)     which now or hereafter, are based upon, arise out of, relate in any way to, or involve, directly or indirectly, or previously were based upon, arose out of, resulted from, were related to or involved, directly or indirectly, in whole or in part, the allegations made in, or the subject matter of, the Delaware Action, including, but not limited to:

     (A)     the maintenance or invocation of the Forum Selection By-law (in its form prior to the amendment contemplated by the Stipulation);

     (B)     the conduct, actions, inactions, deliberations, discussions, decisions, votes, statements, representations, omissions, disclosures, or non-disclosures of any Released Defendant Party, including any Released Defendant Party's solicitation of proxies, relating to the matters set forth in (A), above; or

     (C)     all losses of any kind and without limitation, including costs and expenses, and compensation awarded to or retained by Boeing directors or officers, or any other harm or loss incurred by Boeing relating in any way to the matters set forth in (A), above.

"Released Delaware Plaintiff Claims" does not include: (i) claims to enforce the Delaware Settlement; (ii) any direct (i.e., not derivative) claims that are or were being prosecuted in the *Boeing Securities* Action, including, without limitation, any claim that the Released Plaintiff Parties or other Boeing stockholders may have with respect to the proceeds from any judgment or settlement in the *Boeing Securities* Action; (iii) any claims that are or were

being prosecuted in the *Boeing ERISA* Action, including, without limitation, any claim that the Released Plaintiff Parties or other Boeing stockholders may have with respect to the proceeds from any judgment or settlement in the *Boeing ERISA* Action; and (iv) any claims in connection with insurance coverage or the reinsurance of coverage that Boeing or the Delaware Individual Defendants may have against any of the Insurers arising out of the subject matter of the Delaware Action.

z. "Released Federal Plaintiff Claims" means

(1) any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, counterclaims, offsets, issues and controversies of any kind, nature, or description whatsoever;

(2) whether known or unknown, accrued or unaccrued, disclosed or undisclosed, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent;

(3) that

(A) the Released Plaintiff Parties asserted, could have asserted or could hereafter assert in any capacity (including direct, derivative, class, or other capacity) in the Federal Action or any other action against any of the Released Defendant Parties, whether based on state, local, federal, statutory, regulatory, common, or other law or rule;

(B) any other Boeing stockholder asserted, could have asserted or could hereafter assert against any of the Released Defendant Parties derivatively on behalf of Boeing, under state, local, federal, statutory, regulatory, common, or other law or rule; or

(C) Boeing could have asserted or could hereafter assert against any of the Released Defendant Parties directly under state, local, federal, statutory, regulatory, common, or other law or rule;

(4) in any court, tribunal, other adjudicatory body, forum, suit, action, or proceeding; and

(5) which now or hereafter, are based upon, arise out of, relate in any way to, or involve, directly or indirectly, or previously were based upon, arose out of, resulted from, were related to or involved, directly or indirectly, in whole or in part, the allegations made in, or the subject matter of, the Federal Action, including, but not limited to:

(A) the misstatements or omissions that Plaintiff alleges were contained in Boeing's 2017, 2018, and 2019 Proxy Statements;

(B)     the 2017, 2018, and 2019 shareholder votes to elect directors to one-year terms and approve, on an advisory basis, named executive officer compensation;

(C)     the 2018 and 2019 shareholder votes on a shareholder proposal to require that the Chair of the Boeing Board of Directors be an independent member of the Board;

(D)     Boeing's internal controls and its controls related to public disclosures;

(E)     Boeing's 2015 settlement agreement with the Federal Aviation Administration described in the Federal Complaint;

(F)     Boeing's design and development of the 737 MAX fleet, as well as the Accidents and Grounding;

(G)     the maintenance or invocation of the Forum Selection By-law (in its form prior to the amendment contemplated by the Settlement);

(H)     the conduct, actions, inactions, deliberations, discussions, decisions, votes, statements, representations, omissions, disclosures, or non-disclosures of any Released Defendant Party, including any Released Defendant Party's solicitation of proxies, relating to the matters set forth in (A) through (G), above; or

(I)     all losses of any kind and without limitation, including costs and expenses, and compensation awarded to or retained by Boeing directors or officers, or any other harm or loss incurred by Boeing relating in any way to the matters set forth in (A) through (H), above.

"Released Federal Plaintiff Claims" does not include: (i) claims to enforce the Federal Settlement; (ii) any direct (i.e., not derivative) claims that are or were being prosecuted in the *Boeing Securities* Action, including, without limitation, any claim that the Released Plaintiff Parties or other Boeing stockholders may have with respect to the proceeds from any judgment or settlement in the *Boeing Securities* Action; (iii) any claims that are or were being prosecuted in the *Boeing ERISA* Action, including, without limitation, any claim that the Released Plaintiff Parties or other Boeing stockholders may have with respect to the proceeds from any judgment or settlement in the *Boeing ERISA* Action; and (iv) any claims in connection with insurance coverage or the reinsurance of coverage that Boeing or the Named Federal Defendants may have against any of the Insurers arising out of the subject matter of the Federal Action.

aa.     "Released Parties" means Released Plaintiff Parties and Released Defendant Parties.

bb.     "Released Plaintiff Parties" means (a) Plaintiff, and (b) its agents, employees, fiduciaries, partners, control persons, partnerships, general or limited partners, joint

ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, principals, officers, managers, directors, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, transferees, assigns, financial or investment advisors, advisors, consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers, dealers, financing sources, lenders, commercial bankers, attorneys, legal advisors, personal or legal representatives, accountants, tax advisors, technical advisors, insurers, co-insurers, reinsurers, and associates, in their capacity as such.

cc. "Service Award" means an award of up to $15,000, subject to approval by the Federal Court, for Plaintiff in recognition of its participation and efforts in the prosecution of its Demand and related Section 220 investigation, and the Federal and Delaware Actions.

dd. "Settlements" means the Federal Settlement and the Delaware Settlement.

ee. "Stipulation" means the Stipulation and Agreement of Compromise, Settlement, and Release, entered into among the undersigned Parties.

ff. "Unknown Claims" means any Released Claims that the Parties, any Boeing stockholder, or any member of the Delaware Settlement Class does not know or suspect exists in his, her, or its favor at the time of the release of the Released Claims as against the Released Parties, including without limitation those which, if known, might have affected his, her, or its decision with respect to the Settlements. With respect to any and all Released Claims, and although the Settlements provide for a specific release of the Released Parties, the Parties stipulate and agree that, upon the Effective Date, the Parties, each Boeing stockholder, and each member of the Delaware Settlement Class shall be deemed to have, and by operation of the Federal Order and Final Judgment and the Delaware Order and Final Judgment shall have, waived the provisions, rights, and benefits of California Civil Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Released Parties, each Boeing stockholder, and each member of the Delaware Settlement Class shall be deemed to have, and by operation of the Federal Order and Final Judgment and the Delaware Order and Final Judgment shall have, waived any and all provisions, rights and benefits conferred by any law of any jurisdiction, state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. Any of the Released Parties, any Boeing stockholder, or any member of the Delaware Settlement Class may hereafter discover facts in addition to or different from those which he, she, they or it now knows or believes to be true with respect to the Released Claims but, upon the Settlements becoming Final, the Released Parties, each of the current Boeing stockholders, and members of the Delaware Settlement Class shall be deemed to have, and by operation of the Federal Order and Final Judgment and the Delaware Order and Final Judgment shall have, fully, finally, and forever settled and released any and all Released Claims known or unknown, suspected or unsuspected,

contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Released Parties shall be deemed by operation of the Federal Order and Final Judgment and Delaware Order and Final Judgment to have acknowledged that the foregoing waivers were separately bargained for and are key elements of the Settlements of which this release is a part.

## REASONS FOR THE SETTLEMENT

2. Plaintiff has thoroughly reviewed and analyzed the facts and circumstances relating to the claims asserted in the Actions, including reviewing and analyzing publicly available information, reviewing and analyzing the extensive 220 Productions, assessing applicable case law and other authorities, and conducting arm's-length discussions with Defendants' counsel. Plaintiff brought its claims in good faith and continues to believe they have legal merit. Plaintiff also recognizes that there are legal and factual defenses to those claims and substantial risks to the successful resolution of any litigation, especially complex stockholder derivative and class litigation such as the Actions. In light of these risks and based on their evaluation of the claims, Plaintiff has assessed the strengths and weaknesses of the claims and defenses asserted in the Actions, and has determined that the Federal Settlement, which confers substantial benefits upon Boeing and its stockholders, is fair, reasonable, and adequate, and in the best interests of Boeing and its stockholders, and that the Delaware Settlement, which confers substantial benefits upon the Delaware Settlement Class, is also fair, reasonable, and adequate, and in the best interests of the Delaware Settlement Class. Plaintiff has agreed to settle, compromise, and release the claims asserted in the Actions in the manner and upon the terms and conditions set forth in the Stipulation, after considering: (a) the substantial monetary and non-monetary benefits provided by the Settlements; (b) the uncertain outcome, inherent delays, and significant risks of continued litigation; and (c) the desirability of avoiding further costly and time-consuming litigation. The Settlement was reached only after arm's-length negotiations with an experienced independent mediator.

3. Defendants have denied, and continue to deny, that they committed, or aided and abetted in the commission of, any violation of law or duty or engaged in any wrongful acts whatsoever, including those alleged in the Actions, and expressly maintain that they have complied with their statutory, fiduciary, and other legal duties, and that at all relevant times Defendants acted in good faith and in a manner they reasonably believed to be in the best interests of Boeing and its stockholders. However, Defendants also have taken into account the expense, uncertainty, and risks inherent in any litigation, especially in complex cases like the Actions. Therefore, Defendants have determined that it is desirable and beneficial that the Actions, and all of the Parties' disputes related thereto, be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation. Pursuant to the terms set forth below, the Stipulation and Settlements shall in no event be construed as or deemed to be evidence of an admission or concession by any Defendant or Boeing with respect to any claim of fault, liability, wrongdoing, or damage whatsoever.

## TERMS OF THE SETTLEMENTS

4.     The terms and conditions of the Settlements are set forth in detail in the Stipulation, which has been filed with the Federal Court and with the Delaware Court.[1] The Settlements are subject to and will become effective only upon approval by both the Federal Court and the Delaware Court.  This Notice includes only a summary of various terms of the Settlements, and it does not purport to be a comprehensive description of its terms, which are available for review as described.

5.     <u>Monetary Consideration</u>:  No later than twenty (20) Business Days after the Effective Date, the Monetary Settlement Amount of $6.25 million, less any Fee and Expense Award and Service Award, shall be paid by the Insurers on behalf of the Federal Individual Defendants to Boeing in connection with the resolution of the Federal Action. Neither the Named Federal Defendants, Delaware Individual Defendants, Boeing, nor any Person other than the Insurers shall have any obligation to pay the Monetary Settlement Amount, in whole or in part.

6.     <u>Corporate Governance Measures</u>:  No later than sixty (60) days after the Effective Date, Boeing's Board of Directors will amend its Forum Selection By-Law to the agreed language that is set forth in Exhibit A to the Stipulation in connection with the resolution of the Federal Action and Delaware Action.  Boeing shall include the amended version of its Forum Selection By-law in the version of its by-laws published on its public website within ten (10) days of such amendment.

## THE ORDERS AND FINAL JUDGMENTS

7.     Both Settlements are conditioned on both the Federal Action and Delaware Action being dismissed with prejudice.

8.     If the Federal Court determines that the Settlement, as provided for in the Stipulation, is fair, reasonable, adequate, and in the best interests of Boeing and its stockholders, the Federal Court will enter an Order and Final Judgment substantially in the form attached as Exhibit E to the Stipulation, which will, among other things:

a.     Determine that the form and manner of this Notice meets the requirements of Federal Rule of Civil Procedure 23.1, due process, and applicable law, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all Persons entitled thereto;

---

[1] The versions of the Stipulation filed in the Federal Court and the Delaware Court are identical, other than: (i) the signatories to the filing in each court are limited to the parties in each action; and (ii) specific formatting requirements required by each court for filings.

b.    Determine that the terms and conditions of the Federal Settlement, as set forth in the Stipulation, are fair, reasonable, adequate, and in the best interests of Boeing and its stockholders;

c.    Dismiss the Federal Action with prejudice on the merits, including as against all Named Federal Defendants.  Any award of fees, costs, or expenses or the grant of further relief will be separately adjudicated;

d.    Fully, finally, and forever release the Released Federal Plaintiff Claims and Released Defendant Claims against the respective Released Parties, as more fully described in the Section below entitled "Releases";

e.    Forever bar and enjoin Plaintiffs, Boeing, and Boeing stockholders from commencing, instituting, prosecuting, or continuing to prosecute any of the Released Federal Plaintiff Claims against any of the Released Defendant Parties, and forever bar and enjoin Federal Defendants from commencing, instituting, prosecuting, or continuing to prosecute any of the Released Defendant Claims against any of the Released Plaintiff Parties; and

f.    Award Plaintiff's Counsel any Fee and Expense Award, and award Plaintiff any Service Award, as the Federal Court deems fair and reasonable, with any such fees and expenses to be paid solely out of the Monetary Settlement Amount.

9.    If the Delaware Court determines that the Settlement, as provided for in the Stipulation, is fair, reasonable, adequate, and in the best interests of the Delaware Settlement Class, the Delaware Court will enter an Order and Final Judgment substantially in the form attached as Exhibit D to the Stipulation, which will, among other things:

a.    Determine that the form and manner of this Notice meets the requirements of Delaware Court of Chancery Rule 23, due process, and applicable law, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all Persons entitled thereto;

b.    For settlement purposes only, certify the Delaware Settlement Class, appoint Plaintiff as class representative for the Delaware Settlement Class, and appoint Plaintiff's Counsel as class counsel for the Delaware Settlement Class;

c.    Determine that the terms and conditions of the Delaware Settlement, as set forth in the Stipulation, are fair, reasonable, adequate, and in the best interests of the Delaware Settlement Class;

d.    Fully, finally, and forever release the Released Federal Plaintiff Claims and Released Defendant Claims against the respective Released Parties, as more fully described in the Section below entitled "Releases";

e.    Forever bar and enjoin Plaintiffs and members of the Delaware Settlement Class from commencing, instituting, prosecuting, or continuing to prosecute any of the Released Delaware Plaintiff Claims against any of the Released Defendant Parties, and forever bar and

enjoin Defendants from commencing, instituting, prosecuting, or continuing to prosecute any of the Released Defendant Claims against any of the Released Plaintiff Parties; and

       f.     Dismiss the Delaware Action with prejudice on the merits and without awarding any attorney fees, expenses or costs to any party.

## RELEASES

      10.     Pursuant to the Stipulation, and in consideration of the benefits provided by the Settlements, the Federal Order and Final Judgment and the Delaware Order and Final Judgment are proposed to, among other things, provide for the full and complete dismissal of the Actions with prejudice, including as against all Named Defendants on the merits without fees, costs, or expenses (except as provided in the Stipulation) and provide for the following releases:

       a.     As of the Effective Date, (i) the Released Plaintiff Parties, (ii) Boeing, and (iii) all current Boeing stockholders, to the extent those stockholders are acting or purporting to act derivatively on behalf of Boeing, shall be deemed to completely, fully, finally, and forever release, relinquish, settle, and discharge each and all of the Released Defendant Parties from and with respect to any and all of the Released Federal Plaintiff Claims (including the Unknown Claims), and will be forever barred and enjoined from commencing, instituting, or prosecuting any action or proceeding, in any forum, asserting any of the Released Federal Plaintiff Claims against any of the Released Defendant Parties.

       b.     As of the Effective Date, the Released Plaintiff Parties and members of the Delaware Settlement Class shall be deemed to completely, fully, finally, and forever release, relinquish, settle, and discharge each and all of the Released Defendant Parties from and with respect to any and all of the Released Delaware Plaintiff Claims (including the Unknown Claims), and will be forever barred and enjoined from commencing, instituting, or prosecuting any action or proceeding, in any forum, asserting any of the Released Delaware Plaintiff Claims against any of the Released Defendant Parties.

       c.     As of the Effective Date, the Released Defendant Parties, individually and collectively, shall be deemed to completely, fully, finally, and forever release, relinquish, settle, and discharge the Released Plaintiff Parties from and with respect to any and all Released Defendant Claims.

       d.     As of the Effective Date, the Federal Parties shall be deemed bound by the Stipulation and the Federal Order and Final Judgment.

       e.     As of the Effective Date, the Delaware Parties shall be deemed bound by the Stipulation and the Delaware Order and Final Judgment.

       f.     The Federal Order and Final Judgment and the Delaware Order and Final Judgment, including, without limitation, the release of all Released Claims against all Released Parties, shall have *res judicata*, collateral estoppel, and all other preclusive effects in all pending

and future lawsuits, arbitrations, or other suits, actions, or proceedings involving any of the Released Plaintiff Parties or the Released Defendant Parties.

## APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

11. Plaintiff and Plaintiff's Counsel intend to petition the Federal Court for, respectively: (i) an award of attorneys' fees and expenses as full and final compensation in light of the benefits provided to Boeing and its stockholders associated with the Settlements in connection with their work on the Actions, which petition shall be for an amount no greater than $4,250,000 ("Fee and Expense Award"), and (ii) a service award of up to $15,000 for Plaintiff in recognition of its participation and efforts in the prosecution of its Demand and related Section 220 investigation, and the Actions ("Service Award").

12. Any Fee and Expense Award and Service Award shall be determined by the Federal Court, as set forth in an order entered by the Federal Court, substantially in the form attached as Exhibit F to the Stipulation, adjudicating the Fee and Expense Application ("Fee and Expense Order"). Any Fee and Expense Award or Service Award shall be paid solely out of the Monetary Settlement Amount.

13. Pursuant to the Stipulation, resolution of any Fee and Expense Award and any Service Award, is not a precondition to either Settlement or to the dismissal with prejudice of Defendants from the Actions. The Federal Court and Delaware Court each may consider and rule upon the fairness, reasonableness, and adequacy of, respectively, the Federal Settlement and Delaware Settlement independently of any award of attorneys' fees and expenses. Any disapproval or modification of any Fee and Expense Application by the Federal Court, or any appeal of the Fee and Expense Order, shall not affect or delay the enforceability of the Stipulation, provide any of the Parties with the right to terminate either Settlement, impose any obligation on any Defendants, or subject them in any way to an increase in the amount paid by them or on their behalf in connection with either Settlement, or affect or delay the binding effect or finality of the Federal Order and Final Judgment or Delaware Order and Final Judgment and the release of the Released Claims.

14. No fees or expenses shall be paid to Plaintiff's Counsel, nor a Service Award paid to the Plaintiff, before the Effective Date or in the absence of the Final, non-appealable entry of the Federal Order and Final Judgment and the Delaware Order and Final Judgment, including, without limitation, providing for the releases set forth in Section VIII of the Stipulation.

15. The Fee and Expense Application to be filed in the Federal Action will be the sole application by Plaintiff or Plaintiff's Counsel for an award of fees or expenses, or any service award, in connection with the Settlements. The Fee and Expense Award requested in the Fee and Expense Application in the Federal Action is intended as a sole and complete award for all benefits to Boeing and its stockholders associated with the Settlements.

16. Named Federal Defendants, Delaware Defendants, Boeing, and their counsel shall have no responsibility for, and no liability whatsoever with respect to, any allocation among Plaintiff's Counsel of any fees or expenses awarded by the Federal Court.

**EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION**

17.     In the event that either Settlement is terminated or fails to become Final or effective for any reason, (a) all of the Parties shall be deemed to have reverted to their respective litigation status immediately prior to the execution of the Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed, and any related orders had not been entered, (b) all of their respective claims and defenses as to any issue in the Actions shall be preserved without prejudice in any way, (c) the statements made in connection with the negotiation of the proposed Settlements, and the Stipulation, shall not be deemed to prejudice in any way the positions of any of the Parties with respect to the Actions, or to constitute an admission of fact or of wrongdoing by any Party, and shall not be used, or entitle any Party, to recover any fees, costs, or expenses incurred in connection with the Actions, (d) neither the existence of the Stipulation, nor its contents, nor any statements made in connection with the negotiation of the proposed Settlements, nor any other settlement communications, shall be admissible in evidence or shall be referred to for any purpose in the Actions, or in any other suit, action, or proceeding, and (e) the terms of the Settlements shall not be effective or enforceable, except as expressly provided in the Stipulation.

**THE SETTLEMENT HEARINGS**

18.     A Settlement Hearing regarding the Federal Action will be held by the Federal Court.  The hearing shall be held at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, on _____ ___, 202_, at _____ _.m. (the "Federal Settlement Hearing").

19.     A Settlement Hearing regarding the Delaware Action will be held by the Delaware Court.  The hearing shall be held at the Leonard L. Williams Justice Center, 500 North King Street, Wilmington, Delaware 19801, on _____ ___, 202_, at _____ _.m.  (the "Delaware Settlement Hearing").

20.     Either Court may adjourn its Settlement Hearing or any adjournment thereof, including, without limitation, the consideration of any application for attorneys' fees and expenses, without further notice of any kind.  Either Court may approve the respective Settlements at or after the respective Settlement Hearings according to the terms and conditions of the Stipulation, as it may be modified by the Parties, with or without further notice.  Further, either Court may render its judgment, and the Federal Court may order the payment of attorneys' fees and expenses and/or the service award, all without further notice.

**RIGHT TO APPEAR AND OBJECT AT SETTLEMENT HEARINGS**

21.     Any record or beneficial stockholder of Boeing who objects to the Stipulation, the Federal Settlement, the Federal Order and Final Judgment to be entered in the Federal Action, the Fee and Expense Application, or who otherwise wishes to be heard, may appear in person, or by his, her, their, or its attorney at the Federal Settlement Hearing and present evidence or argument that may be proper and relevant; provided, however, that, except for good cause shown or as the Federal Court otherwise directs, no Person shall be heard and no papers, briefs, pleadings, or other documents submitted by any Person shall be considered by the Federal Court unless not later than twenty (20) calendar days prior to the Federal Settlement Hearing such Person files with the

20

Clerk's Office in Federal Court, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604 and serves upon counsel listed below: (a) a written and signed notice of intention to appear that states the name of that Person and that Person's address (or, if represented, the address of the Person's counsel); (b) documentation evidencing such Person's status as a current record or beneficial stockholder of Boeing; (c) a detailed statement of such Person's objections to any matters before the Federal Court; (d) the grounds for such objections and the reasons that such Person desires to appear and be heard; and (e) all documents or writings such Person desires the Federal Court to consider.

22. Such filings must be served upon the following counsel by hand delivery, overnight mail, or the Federal Court's electronic filing and service system:

Carol V. Gilden, Esq.
COHEN MILSTEIN SELLERS & TOLL PLLC
190 S. LaSalle Street, Suite 1705 Chicago, Illinois 60603
cgilden@cohenmilstein.com

Richard A. Speirs, Esq.
Amy Miller, Esq.
COHEN MILSTEIN SELLERS & TOLL PLLC
88 Pine Street, 14th Floor
New York, New York 10005
rspeirs@cohenmilstein.com
amiller@cohenmilstein.com

*Attorneys for Plaintiff Seafarers Pension Plan*

Sharon L. Nelles
David M.J. Rein
Benjamin R. Walker
Tasha N. Thompson
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel.: (212) 558-4000
nelless@sullcrom.com
reind@sullcrom.com
walkerb@sullcrom.com
thompsontas@sullcrom.com

Joshua K. Rabinovitz
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
joshua.rabinovitz@kirkland.com

*Attorneys for Defendants*

Counsel for the Parties are directed to promptly furnish each other with copies of any and all objections that might come into their possession.

23.     Any Delaware Settlement Class member who objects to the Stipulation, the Delaware Settlement, the Delaware Order and Final Judgment to be entered in the Delaware Action or who otherwise wishes to be heard, may appear in person, or by his, her, their, or its attorney at the Delaware Settlement Hearing and present evidence or argument that may be proper and relevant; provided, however, that, except for good cause shown or as the Delaware Court otherwise directs, no Person shall be heard and no papers, briefs, pleadings, or other documents submitted by any Person shall be considered by the Delaware Court unless not later than twenty (20) calendar days prior to the Delaware Settlement Hearing such Person files with the Register in Chancery, Leonard L. Williams Justice Center, 500 North King Street, Wilmington, Delaware 19801 and serves upon counsel listed below:  (a) a written and signed notice of intention to appear that states the name of that Person and that Person's address (or, if represented, the address of the Person's counsel); (b) documentation evidencing such Person's status as a stockholder who held Boeing stock at any time in the period December 11, 2019 until the date of the Stipulation; (c) a detailed statement of such Person's objections to any matters before the Delaware Court; (d) the grounds for such objections and the reasons that such Person desires to appear and be heard; and (e) all documents or writings such Person desires the Delaware Court to consider.

24.     Such filings must be served upon the following counsel by hand delivery, overnight mail, or the Delaware Court's electronic filing and service system:

Frank E. Noyes, II
OFFIT KURMAN, P.A.
222 Delaware Avenue, Suite 1105
Wilmington, DE 19801
fnoyes@offitkurman.com

Carol V. Gilden
COHEN MILSTEIN SELLERS & TOLL
PLLC
190 S. LaSalle Street, Suite 1705 Chicago,
Illinois 60603
cgilden@cohenmilstein.com

Richard A. Speirs
Amy Miller
COHEN MILSTEIN SELLERS & TOLL
PLLC
88 Pine Street, 14th Floor
New York, New York 10005
rspeirs@cohenmilstein.com
amiller@cohenmilstein.com

*Attorneys for Plaintiff Seafarers Pension Plan*

Blake Rohrbacher
Matthew D. Perri
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
rohrbacher@rlf.com

Sharon L. Nelles
David M.J. Rein
Benjamin R. Walker
Tasha N. Thompson
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel.: (212) 558-4000
nelless@sullcrom.com
reind@sullcrom.com
walkerb@sullcrom.com
thompsontas@sullcrom.com

*Attorneys for Defendants*

25.     Unless the Federal Court or Delaware Court otherwise directs, no Person shall be entitled to object to the approval of the Settlements, any judgment entered thereon, any award of attorneys' fees and expenses, or otherwise be heard, except by serving and filing a written objection and supporting papers and documents as described in Paragraphs 21-24 above. Any Person who fails to object in the manner described above shall be deemed to have waived the right to object (including, without limitation, any right of appeal) and shall be forever barred from raising such objection in this or any other suit, action, or proceeding.

26.     Any record or beneficial stockholder of Boeing or a former stockholder who held Boeing stock at any time in the period December 11, 2019 until the date of the Stipulation who does not object to the Delaware Settlement or to any other matter stated above need not do anything.

27.     Any current stockholder of Boeing who does not object to the Federal Settlement or Plaintiff's Fee and Expense Application or to any other matter stated above need not do anything.

**SCOPE OF THIS NOTICE AND FURTHER INFORMATION**

28.    The foregoing description of the Settlement Hearings, the Actions, the terms and conditions of the proposed Settlements, and other matters described in this Notice are not comprehensive.   Accordingly, Boeing stockholders and their attorneys are referred to the documents filed with the Federal Court and Delaware Court in the Actions, including, without limitation, the Stipulation, which are available for inspection the Clerk's Office in the Federal Court, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, or the Office of the Register in Chancery in the Court of Chancery of the State of Delaware, 500 North King Street, Wilmington, Delaware 19801 during regular business hours of each business day.   Inquiries or comments about the Settlements may be directed to the attention of Plaintiff's Counsel as follows:

Federal Action:

> Carol V. Gilden, Esq.
> COHEN MILSTEIN SELLERS & TOLL PLLC
> 190 S. LaSalle Street, Suite 1705
> Chicago, Illinois 60603
> cgilden@cohenmilstein.com
>
> Richard A. Speirs, Esq.
> Amy Miller, Esq.
> COHEN MILSTEIN SELLERS & TOLL PLLC
> 88 Pine Street, 14th Floor
> New York, New York 10005
> rspeirs@cohenmilstein.com
> amiller@cohenmilstein.com

Delaware Action:

> Carol V. Gilden, Esq.
> COHEN MILSTEIN SELLERS & TOLL PLLC
> 190 S. LaSalle Street, Suite 1705
> Chicago, Illinois 60603
> cgilden@cohenmilstein.com
>
> Richard A. Speirs, Esq.
> Amy Miller, Esq.
> COHEN MILSTEIN SELLERS & TOLL PLLC
> 88 Pine Street, 14th Floor
> New York, New York 10005
> rspeirs@cohenmilstein.com
> amiller@cohenmilstein.com
>
> Frank E. Noyes, II
> OFFIT KURMAN, P.A.

24

222 Delaware Avenue, Suite 1105
Wilmington, DE 19801
fnoyes@offitkurman.com

**PLEASE DO NOT WRITE TO OR CALL THE FEDERAL COURT OR THE
DELAWARE COURT**

**NOTICE TO PERSONS OR ENTITIES HOLDING
RECORD OWNERSHIP ON BEHALF OF OTHERS**

29.     Brokerage firms, banks, and/or other Persons who hold shares of the common stock of Boeing for the benefit of others are requested to promptly send this Notice to all of their respective beneficial owners.  If additional copies of the Notice are needed, any requests for such copies may be made to:

Office of the Corporate Secretary
Boeing Corporate Offices
100 N. Riverside Plaza MC5003-1001
Chicago, IL 60606-1596


Dated: _____, 2022

BY ORDER OF THE COURT

_____
Clerk's Office in Federal Court

Dated: _____, 2022

BY ORDER OF THE COURT

_____
Register in Chancery