UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEAFARERS PENSION PLAN, derivatively on behalf of THE BOEING COMPANY, <br><br> Plaintiff, <br> v. <br><br> ROBERT A. BRADWAY, *et al.*, <br><br> Defendants, <br> and <br><br> THE BOEING COMPANY, <br><br> Nominal Defendant. | DOCKET NO. 1:19-cv-08095 |

**ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT, <u>SCHEDULING SETTLEMENT HEARING, AND PROVIDING FOR NOTICE</u>**

WHEREAS, (i) Plaintiff Seafarers Pension Plan ("Plaintiff"), individually and derivatively on behalf of The Boeing Company ("Boeing" or the "Company"); (ii) individual Defendants Robert A. Bradway, David L. Calhoun, Arthur D. Collins Jr., Edmund P. Giambastiani Jr., Lynn J. Good, Lawrence W. Kellner, Caroline B. Kennedy, Edward M. Liddy, Dennis A. Muilenburg, Susan C. Schwab, Randall L. Stephenson, Ronald A. Williams, and Mike S. Zafirovski (together, "Federal Individual Defendants"); and (iii) Nominal Defendant The Boeing Company ("Boeing," and together with Federal Plaintiff and Federal Individual Defendants, the "Parties"), all by and through their respective counsel, have entered into a Stipulation and Agreement of Compromise, Settlement, and Release, dated August 10, 2022 (the "Stipulation") that provides for the full and final resolution, discharge, and settlement of all Released Claims as against the Released Parties in the above-referenced action (the "Federal Action"), subject to the approval of the Court;

WHEREAS, the Court has read and considered the Stipulation and the accompanying documents; and

WHEREAS, all Parties have consented to the entry of this Preliminary Order (the "Order");

NOW IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, this 24th day of August 2022, as follows:

1. This Order (the "Order") incorporates and makes a part hereof the Stipulation and all of its terms, conditions, provisions, and exhibits. All terms herein with initial capitalization that are not defined in this Order shall have the meanings ascribed to them in the Federal Stipulation.

2. The Court has jurisdiction over the Federal Action, and all matters relating to the proposed Federal Settlement (the "Federal Settlement"), as well as personal jurisdiction over all of the Parties as it relates to this Federal Action and the Federal Settlement only.

3. The Court preliminarily approves the Federal Settlement, subject to further consideration at the Federal Settlement Hearing described below, and preliminarily finds that the Federal Settlement is fair, reasonable, adequate, and in the best interests of Boeing and its stockholders. The Court further finds that the Federal Settlement is the result of arm's-length negotiations between experienced counsel fairly and adequately representing the interests of the respective Parties.

4. A video hearing shall be held on December 14, 2022 at 9:45 a.m., (the "Federal Settlement Hearing"), before the Honorable Harry D. Leinenweber, to join from a computer: https://meet.uc.uscourts.gov/meeting/971179555?secret=axs_OtIs0SDNZx4qFKoc7g, meeting ID: 971179555 or to join by phone, dial, 871-353-2301, at which the Court will determine: (a) whether the terms of the Federal Settlement should be approved as fair, reasonable, and

adequate; (b) whether the form of the Notice and Summary Notice of the Federal Settlement and means of dissemination of the Notice and Summary Notice of the Federal Settlement fully satisfied the requirements of Fed. R. Civ. P. 23.1 and due process; (c) consider the entry of Judgment dismissing the Federal Action with prejudice, and release and enjoin the prosecution of any and all Released Claims; (d) consider the approval of the Fee and Expense Application and Service Award; and (e) hear other such matters as the Court may deem necessary and appropriate.

5. The Court expressly reserves the right to adjourn the Federal Settlement Hearing or any adjournment thereof, including without limitation, consideration of any Fee and Expense Application or Service Award, without any further notice to Boeing stockholders other than an announcement at the Federal Settlement Hearing or at any adjournment thereof.

6. The Court may approve the Federal Settlement at or after the Federal Settlement Hearing according to the terms and conditions of the Stipulation, as it may be modified by the Parties, with or without further notice to Boeing stockholders. Further, the Court may render its judgment, and order the payment of any Fee and Expense Award and Service Award, all without further notice to Boeing stockholders.

7. The Court approves, in form and content, the Notice, attached as Exhibit G to the Stipulation, and the Summary Notice, attached as Exhibit H to the Stipulation, and finds that the distribution of the Notice and Summary Notice substantially in the manner and form set forth in this Order meets the requirements of Fed. R. Civ. P. 23.1, and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

8. As soon as practicable after the date of entry of the later of (i) the entering of the Preliminary Approval Order by this Court and (ii) the entering of the Scheduling Order by the

Delaware Court, and in no event fewer than sixty (60) calendar days before the earlier of (i) the Federal Settlement Hearing and (ii) the Delaware Settlement Hearing, except for those Boeing stockholders who are current record holders of Boeing stock and who have elected to receive information from Boeing electronically and to whom Boeing shall send electronically a copy of the Notice, substantially in the form of Exhibit G to the Stipulation, Boeing shall mail, or cause to be mailed, by first class U.S. mail, or other mail service if mailed outside the U.S., a copy of the Notice, substantially in the form of Exhibit G to the Stipulation, to all Boeing stockholders who are record holders of Boeing stock at their last known address appearing in the stock transfer records maintained by or on behalf of Boeing, and all such record holders of Boeing stock shall be directed to forward such Notice promptly to the beneficial owners of those securities. No later than thirty (30) calendar days after the later of (i) the entry of the Preliminary Approval Order by this Court and (ii) the entry of the Scheduling Order by the Delaware Court, Boeing shall publish the Summary Notice, substantially in the form of Exhibit H to the Stipulation, as a quarter-page advertisement in the national edition of the *Wall Street Journal* and over the *PR Newswire*.

9. At least fourteen (14) calendar days prior to the Federal Settlement Hearing, Boeing's counsel shall file with the Court an appropriate affidavit or declaration with respect to the publication of the Summary Notice and mailing or electronic delivery of the Notice.

10. Any record or beneficial stockholder of Boeing who objects to the Stipulation, the Federal Settlement, the Order and Final Judgment to be entered in the Federal Action, the Fee and Expense Application, or who otherwise wishes to be heard, may appear in person, or by his, her, their, or its attorney at the Federal Settlement Hearing and present evidence or argument that may be proper and relevant; provided, however, that, except for good cause shown or as the Court otherwise directs, no Person shall be heard and no papers, briefs, pleadings, or other documents

submitted by any Person shall be considered by the Court unless not later than twenty (20) calendar days prior to the Federal Settlement Hearing such Person files with the Clerk of the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604 and serves upon counsel listed below: (a) a written and signed notice of intention to appear that states the name of that Person and that Person's address (or, if represented, the address of the Person's counsel); (b) documentation evidencing such Person's status as a current record or beneficial stockholder of Boeing; (c) a detailed statement of such Person's objections to any matters before the Court; (d) the grounds for such objections and the reasons that such Person desires to appear and be heard; and (e) all documents or writings such Person desires the Court to consider. Such filings must be served upon the following counsel by hand delivery, overnight mail, or the Court's electronic filing and service system:

| | |
|---|---|
| Carol V. Gilden, Esq.<br>COHEN MILSTEIN SELLERS &<br>TOLL PLLC<br>190 S. LaSalle Street, Suite 1705<br>Chicago, Illinois 60603<br>cgilden@cohenmilstein.com<br><br>Richard A. Speirs, Esq.<br>Amy Miller, Esq.<br>COHEN MILSTEIN SELLERS &<br>TOLL PLLC<br>88 Pine Street, 14th Floor<br>New York, New York 10005<br>rspeirs@cohenmilstein.com<br>amiller@cohenmilstein.com<br><br>*Attorneys for Plaintiff Seafarers Pension Plan* | Sharon L. Nelles<br>David M.J. Rein<br>Benjamin R. Walker<br>Tasha N. Thompson<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, New York 10004<br>Tel.: (212) 558-4000<br>nelless@sullcrom.com<br>reind@sullcrom.com<br>walkerb@sullcrom.com<br>thompsontas@sullcrom.com<br><br>Joshua K. Rabinovitz<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, Illinois 60654<br>joshua.rabinovitz@kirkland.com<br><br>*Attorneys for The Boeing Company, Robert A. Bradway, David L. Calhoun, Arthur D. Collins Jr., Admiral Edmund P. Giambastiani Jr., Lynn J. Good, Lawrence W. Kellner, Caroline B. Kennedy, Edward M. Liddy, Dennis A. Muilenburg, Susan C. Schwab, Randall L. Stephenson, Ronald A. Williams, and Mike S. Zafirovski* |

Counsel for the Parties are directed to promptly furnish each other with copies of any and all objections that might come into their possession.

11. Unless the Court otherwise directs, no Person shall be entitled to object to the approval of the Settlement, any judgment entered thereon, any award of attorneys' fees and expenses, or otherwise be heard, except by serving and filing a written objection and supporting papers and documents as described in Paragraph 10 above. Any Person who fails to object in the manner described above shall be deemed to have waived the right to object (including, without limitation, any right of appeal) and shall be forever barred from raising such objection in this or any other suit, action, or proceeding.

12. Not later than thirty (30) calendar days prior to the Federal Settlement Hearing, Plaintiff's Counsel shall file and serve Plaintiff's opening brief in support of the Federal Settlement (the "Supporting Brief"), the Fee and Expense Application, and the Service Award. The Parties' responses to any Objection by stockholders of Boeing, if any, shall be filed with the Court and served at least seven (7) calendar days prior to the Federal Settlement Hearing.

13. Until otherwise ordered by the Court, the Court stays all proceedings in the Federal Action other than proceedings necessary to carry out or enforce the terms and conditions of the Federal Stipulation.

14. Pending final determination of whether the Federal Settlement is approved, the Court bars and enjoins Plaintiff and all other Boeing stockholders from asserting, commencing, instituting, or prosecuting any of the Released Federal Plaintiff Claims against any of the Defendants.

15. In the event that the Delaware Settlement or the Federal Settlement are terminated or fail to become Final or effective for any reason, (a) all of the Parties shall be deemed to have reverted to their respective litigation status immediately prior to the execution of the Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed, and any related orders had not been entered, (b) all of their respective claims and defenses as to any issue in the Federal Action and the Delaware Action shall be preserved without prejudice in any way, (c) the statements made in connection with the negotiation of the proposed Federal Settlement, and the Stipulation, shall not be deemed to prejudice in any way the positions of any of the Parties with respect to the Federal Action and the Delaware Action, or to constitute an admission of fact or of wrongdoing by any Party, and shall not be used, or entitle any Party, to recover any fees, costs, or expenses incurred in connection with the Federal Action or the Delaware Action, (d) neither the

existence of the Stipulation, nor its contents, nor any statements made in connection with the negotiation of the proposed Federal Settlement, nor any other settlement communications, shall be admissible in evidence or shall be referred to for any purpose in the Federal Action or the Delaware Action, or in any other suit, action, or proceeding, and (e) the terms of the Federal Settlement shall not be effective or enforceable, except as expressly provided in the Stipulation.

16. Neither the Federal Settlement, the Stipulation, nor the fact of, or any terms and conditions of, the Federal Settlement or the Stipulation, nor any communications relating thereto, is evidence, or a presumption, admission, or concession by any Defendant or any other Released Defendant Party of any fault, liability, wrongdoing, or damages whatsoever, which are expressly denied and disclaimed by each such party.  The Federal Settlement and the Stipulation are not findings or evidence of the validity or invalidity of any claims or defenses in the Federal Action, any wrongdoing by any Defendant therein, or any damages or injury to Plaintiff, Boeing, or any present or former Boeing stockholder.  Neither the Federal Settlement, the Stipulation, nor any of their terms, conditions, and provisions, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the fact of the Federal Settlement or Stipulation, nor the proceedings related to the Federal Settlement, nor any statements in connection therewith, shall (a) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or finding of any liability, fault, wrongdoing, injury, or damages, or of any wrongful conduct, acts, or omissions on the part of any of the Released Defendant Parties, or of any infirmity of any defense, or of any damage to Plaintiff, Boeing, or any present or former Boeing stockholder, (b) otherwise be used to create or give rise to any inference or presumption against any of the Released Defendant Parties concerning any fact alleged or that could have been alleged, or any

-9-

claim asserted or that could have been asserted in the Actions, or of any purported liability, fault, wrongdoing, acts, or omissions of the Released Defendant Parties or of any injury or damages to any Person, or (c) be admissible, referred to, interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any Person in the Federal Action or the Delaware Action, or in any other suit, action, or proceeding whatsoever, whether civil or administrative; provided, however, that the Stipulation and/or the Federal Order and Final Judgment and/or the Fee and Expense Order may be introduced in any suit, action, or proceeding, in the Federal Court, the Delaware Court or otherwise, as may be necessary to argue that the Stipulation and/or the Federal Order and Final Judgment and/or the Fee and Expense Order have *res judicata*, collateral estoppel, or other issue or claim preclusive effect, to otherwise consummate or enforce the Stipulation, the Federal Settlement, and/or the Federal Order and Final Judgment, including, without limitation, to secure any insurance rights or proceeds, or as otherwise required by law.

17. The Court retains jurisdiction to consider all further applications arising out of or connected with the Federal Settlement.

IT IS SO ORDERED.

DATED: August 25, 2022

_____
THE HONORABLE HARRY D. LEINENWEBER
UNITED STATES DISTRICT JUDGE